### RUBE PRICE v. THE STATE.

*No. 910. Decided March 4th, 1896.*

**1. Aggravated Assault Upon a Female—Evidence—Declarations of Prosecutrix.**

Declarations made by the prosecutrix, soon after an assault upon her, to be admissible in evidence must have been res gestæ, that is, closely connected with the assault in point of time; spontaneous, and such as sprang out of the assault.

**2. Same—Improper Remarks of the Court.**

On a trial for an aggravated assault upon a female, it is improper for the court to remark, that he was not sure, but that the case was an assault with intent to rape.

**3. Same—Evidence as to Appearance and Condition of Prosecutrix.**

On a trial for aggravated assault upon a female, it is permissible to prove, by her mother, her 'condition and appearance when she came home shortly after the assault.

**4. Evidence of Recognition of a Party by His Voice.**

On a trial for aggravated assault upon a female, it is permissible for a witness to testify, that he recognized the defendant by his voice, or the witness may state his impression on that subject.

**5. Information—Indecent Familiarity With a Female is Aggravated Assault When.**

An information for an aggravated assault upon a female, to be valid, must allege that the assault was committed by "an adult male upon the person of a female." It is not sufficient to simply allege, in terms, an aggravated assault by a male upon a female accompanied with further allegations of violent and indecent familiarity with her person, etc. Under an indictment, otherwise good for aggravated assault or any offense embracing an aggravated assault upon a female, evidence of violent and indecent familiarity with the person of the female would constitute and sustain a conviction for an aggravated assault; but indecent familiarity with the person of a female is not one of the ten statutory grounds upon which an aggravated assault may be predicated.

APPEAL from the County Court of Parker. Tried below before Hon. J. L. L. McCALL, County Judge.

This appeal is from a conviction for aggravated assault upon a female, the punishment assessed being a fine of $25, and sixty days' imprisonment in the county jail.

The charging part of the information will be found copied in the opinion. The facts connected with the assault are shown in the testimony of the prosecutrix, as follows: "My name is Alice Hill; I live near Whitt, in Parker County, Texas; I was fifteen years old last March; I have known the defendant, Rube Price, about six years; was at the Rock School House, near Whitt, Texas, on the night of May 31st, 1895, attending writ-

ing school, conducted by Prof. Falder. After the writing school closed, I, in company with my sister, Maggie Hill, started home; we live about three-fourths of a mile northeast of said school house; we were walking, and went along the public road; the moon was shining, and we could see some distance along said road. We heard somebody talking behind us, and saw two boys, whom I took to be our neighbor boys, Tom Strickle and Burt Owens. When we were within about 100 yards of home, two boys came running up behind us; one of them caught hold of me by the shoulder and by the skirt, and pulled me around. This boy I recognized as the defendant, Rube Price. I did not know the other boy. The defendant had a handkerchief tied around his neck; the other boy kept his hat sorter pulled over his face, and he was smaller than the boy who caught hold of me. When the defendant caught hold of me, I said to him: 'I know who you are, and will make you pay for it.' The defendant did not say anything at all. The defendant and his companion then turned and went back towards Whitt, and I saw nothing more of them. When my sister and I reached our yard gate, Tom Strickle and Burt Owens came up behind us, and Tom Strickle said to me, 'Who done it?' I replied, 'You know who done it.' We then went into the house, and I reported the assault to my mother. I was crying. This was in Parker County, Texas."

Mrs. Martin testified: "I am the mother of Alice and Maggie Hill. I live with my children about one mile northeast of Whitt, Tex. I remember the night of May 31st. My two girls, Alice and Maggie Hill, went to writing school on said night. They returned home about 11 o'clock. Alice was crying, and reported the assault to me on her return home."

Cross-examined: Witness said: "My name is Mrs. Martin. I have been married twice; my first husband's name was Hill; he is dead now; my second husband's name was Martin; he is still living, but we do not live together any more. I don't know where he lives. All I know about said assault is what I heard."

Burt Owens, for the State, said: "I am 13 years old. I was at the Rock School House at writing school on the night of May 31st, 1895. I went home in company with Tom Strickle. We went along the main Poolville road. The moon was shining, and we could see two girls in the road in front of us. They had on white dresses. When about 300 yards from the school house, two boys jumped up from the side of the road, in front of us, and went towards the girls. One of them said to us: 'Come on, boys, and let's go and get ourselves some.' We made no reply. We recognized the boys as Rube Price and Quinn Beavers. In a short time said two boys came back, meeting us in the road, and one of them said to us: 'Help us out, boys, and tell them it was Willie Mathis and Arch Crawford. The said two boys went on towards Whitt, and we went on in the direction of home, and caught up with the girls, Alice Hill and Mattie Hill, at their yard gate,

and Tom Strickle said to Alice Hill, 'Who done it (?)' and she replied 'You know who done it,' and we then went on home."

Defendant objected to, and saved an exception to, the admission of the testimony of the prosecutrix as to the time she reported the assault to her mother. Also to the testimony of Mrs. Martin, the mother, as to the condition and appearance of the girls upon their return home.

A bill of exceptions was saved by the prosecution to the admission by the court over the State's objection, of the testimony of Cap Peters, to the effect that "he, witness, was acquainted with the voice of Rube Price, and that it was Rube Price's voice he had heard." Another bill of exceptions shows that during the discussion of the admissibility of testimony by the prosecutrix, as to the time when she reported the assault to her mother, the trial judge remarked, in the presence and hearing of the jury, "I am not sure but this is a case of assault with intent to rape."

*W. E. McConnell* and *Albert G. Boyle*, for appellant.—The remark, "I am not sure but this is a case of assault with intent to rape," made by the court, in the presence and hearing of the jury, was error. Code. Crim. Proc., Art. 729; Copeney v. State, 10 Tex. Crim. App., 473; Moncallo v. State, 12 Tex. Crim. App., 171; Rodriguez v. State, 23 Tex. Crim. App., 503; Crook v. State, 27 Tex. Crim. App., 241. Moore, alias Neal v. State, 33 Tex. Crim. Rep., 306; Reason v. State, 30 S. W. Rep., 780.

The court erred in permitting the witness, Alice Hill, the alleged assaulted female, to testify as to the report she made of the alleged assault.

In cases of aggravated assault, it is error for the court to permit the State's counsel to prove any statement or report made afterwards by the alleged assaulted female.

The court erred in permitting the witness, Mrs. Martin, to testify as to the appearance of the alleged assaulted female on her return home on the night of the alleged assault.

Evidence of the condition and appearance of the assaulted female at any time after the alleged assault, is inadmissible in cases of aggravated assault, and is only admissible in cases of rape, and assault with intent to rape.

The statute provides (Willson's Crim. Stat., Art. 496) the many conditions under which an assault becomes aggravated, and the indictment or bill of information must allege the means of aggravation (Marshall v. State, 13 Tex. Crim. App., 492). The circumstances of aggravation must be proven as alleged (Pinson v. State, 23 Texas, 579). In the case at bar, it was alleged in the bill of information, that the acts of the defendant "did then and there arouse the strongest feeling of shame, mortification and indignation in the mind of the said Alice Hill." This allegation was not proven. If the indictment alleges the means of aggravation to be "an adult male upon the person of a female," then it must be proven that the person making the assault was an adult male,

and the person assaulted was a female. So, in the case at bar, the means of aggravation must be clearly proved; and in this case it was not proven at all; and no verdict for any offense greater than a simple assault is supported by the law and the evidence.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an aggravated assault and battery, and his punishment assessed at sixty days in the county jail and a fine of $25, and from the judgment of the lower court he prosecutes this appeal. A number of errors are assigned. We will only notice such as are likely to occur on another trial of the case. What the prosecutrix may have said to her mother when she reached the house, if admissible, was only admissible as a part of the res gestæ of the alleged assault. If it was so closely connected in point of time, and the declarations were spontaneous, and sprang out of the assault, such statements to her mother were admissible; otherwise not. The court's remarks in that connection, that he was not sure but that the case was an assault with intent to rape, were improper, and ought not to have been made. We believe it was permissible to show by the mother of the prosecutrix her condition and appearance when she returned home, but nothing that she said on the subject was admissible, unless, as before stated, her declarations were a part of the res gestæ of the assault. In our opinion, it was also permissible to show by the witness, Cap Peters, that he recognized the defendant by his voice, or he could state his impression on that subject. No objection was made to the information in this case, either by a motion to quash or in arrest of judgment. We have, however, examined the information carefully, to ascertain whether or not it charges the offense of which appellant was convicted, to-wit: an aggravated assault. The language of the information in the charging part is as follows: "Did then and there unlawfully and wilfully, in and upon Alice Hill, make and commit an aggravated assault, and the said Rube Price was then and there a male person, and the said Alice Hill was then and there a female person, and the said Rube Price did then and there use violent and indecent familiarity with and upon the person of the said Alice Hill, and without her consent and against her will, with the intent then and there to have and obtain improper connection and carnal intercourse with her, the said Alice Hill; which said acts and conduct of the said Rube Price towards the said Alice Hill, made and committed as aforesaid by said Rube Price, did then and there arouse the strongest feelings of shame, mortification, and indignation in the mind of said Alice Hill." Our statute on the subject names ten distinct grounds on which an aggravated assault may be predicated, but the offense charged in the information does not appear to come under either one of the grounds named. The fifth subdivision of article 496 of the Penal Code reads as follows: "An assault becomes aggravated when committed by an adult male upon the person of a female or child, or by

.an adult female upon the person of a child." The charging part of the information now before us comes nearer the causes set out in said subdivision than under any other, but it will be noticed that there is no allegation that the appellant in this case was an adult male; and the proof shows him to be only 16 years of age, which, according to previous decisions of this court, does not constitute him an adult male person. A number of cases can be found in which it has been said by this court that an indecent assault made by a male person upon a female, with intent to have carnal intercourse with her against her will, would be an aggravated assault. But in all such cases it will be found that the indictment was a good indictment covering an aggravated assault, either as an indictment for assault with intent to murder, or an indictment for an assault with intent to rape, or an indictment under some one of the subdivisions of the statute constituting an aggravated assault. See, Curry v. State, 4 Tex. Crim. App., 574. We will not dismiss the case, as the information may be good for a simple assault, but it does not charge an aggravated assault, and the conviction for such aggravated assault cannot be sustained. The judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*