THE PEOPLE *ex rel.* August W. Birkholz

*v.*

MICHAEL M. JONAS, Constable.

*Announced orally June 9, 1898.*

HABEAS CORPUS—*constitutionality of statute cannot be raised by petition for habeas corpus.* One imprisoned by virtue of a *mittimus* issued upon a final judgment or decree of a competent court, who wishes to test the constitutionality of the law under which such order or decree was obtained, must appeal or prosecute a writ of error, and cannot raise the question by a proceeding in *habeas corpus.*

ORIGINAL petition for *habeas corpus.*

JAMES LANE ALLEN, for relator.

JOHN A. BARNES, and RUFUS COPE, for respondent.

Mr. JUSTICE PHILLIPS announced the opinion of the court:

This is an original petition by August W. Birkholz for a writ of *habeas corpus.* The petition sets forth that said Birkholz is restrained of his liberty by Michael M. Jonas, a constable of Cook county, and that he is ordered to be committed to and imprisoned in the common jail of said Cook county by virtue of a certain *mittimus* or warrant for his arrest and commitment, issued by John Richardson, a justice of the peace in and for said Cook county. The *mittimus* in question, which is attached to the petition and made a part thereof, will sufficiently show the grounds of this application. Said *mittimus* is as follows:

"STATE OF ILLINOIS, }
   *County of Cook.* } ss.

"*The People of the State of Illinois,*
       *to the Sheriff or any Constable of said County—Greeting:*

"Whereas, in a certain proceeding before John Richardson, a justice of the peace in and for said county, under and by virtue of an act to regulate the practice of medicine in the State of Illinois, approved June 16, 1887, wherein the People of the State of Illinois, for the use of the State Board of Health, were plaintiffs and A. W. Birkholz was defendant, said proceedings being an action for debt brought against said defendant, A. W. Birkholz, for a refusal to comply with the provisions of the aforesaid act, to-wit, to obtain a license under said act to practice medicine, and that the defendant, A. W. Birkholz, has been practicing medicine within said county and State without any such aforesaid license and in violation of the aforesaid act; and whereas, on this day, after a trial before a jury in the above entitled cause, said jury rendered a verdict in favor of the plaintiff, the People of the State of Illinois, for the use of the State Board of Health, and assessed the damages of the plaintiff at $100; and whereas, judgment was immediately rendered on said verdict against the defendant, A. W. Birkholz, for one hundred

(100) dollars and costs of suit herein, taxed at $12.50, and the court did, as a part of said judgment, order that the defendant, A. W. Birkholz, be committed to the common jail of the county of Cook until said fine and costs are paid, and said defendant, A. W. Birkholz, having failed and refused to pay said judgment immediately, and having refused and failed to appeal from said judgment:

"Now, therefore, we command you that you arrest the said A. W. Birkholz, and unless the said A. W. Birkholz shall pay the amount of the said judgment, that you commit him to the common jail of the said county and to the custody of the keeper thereof, there to remain in safe and secure custody until the said judgment, amounting to $100 and costs of suit, taxed at $12.50, shall be fully satisfied, or until discharged by authority of law; and for so doing this shall be your sufficient command.

"Witness my hand and seal this 7th day of June, A. D. 1898.

JNO. RICHARDSON, J. P.   [SEAL.]"

The act regulating the practice of medicine and surgery in this State, under which the above *mittimus* was issued, after providing certain penalties to be recovered by the People, for the use of the State Board of Health, against persons practicing medicine contrary to its provisions, contains the following section: "Upon conviction of either of the offenses mentioned in this act, the court shall, as part of the judgment, order that the defendant be committed to the common jail of the county until the fine and costs are paid, and upon failure to pay the same immediately, the defendant shall be committed under said order: *Provided*, that either party may appeal in the same time and manner as appeals may be taken in other cases," etc.

It will thus be seen the petitioner is held in custody by virtue of a conviction for practicing medicine without a license, and the avowed purpose of the present petition is to test the constitutionality of the act to regulate the practice of medicine in this State. The question presented to the court is, whether or not, under the statute of this State regulating the subject of *habeas corpus*, the petitioner, who is thus regularly imprisoned by virtue of

a *mittimus* issued by a justice of the peace of Cook county, may, in the mode here pursued, test the constitutionality of the act under which the conviction was had.

Section 21 of the chapter on *habeas corpus* contains, among other things, the following provision: "No person shall be discharged under the provisions of this act, if he is in custody, * * * by virtue of a final judgment or decree of any competent court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree, unless the time during which such party may be legally detained has expired." Section 22 of the same act provides: "If it appear that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes: (1) Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum or person; (2) where, though the original imprisonment was lawful, yet by some act, omission or event which has subsequently taken place, the party has become entitled to his discharge; (3) where the process is defective in some substantial form required by law; (4) where the process, though in proper form, has been issued in a case or under circumstances where the law does not allow process or orders for imprisonment or arrest to issue; (5) where, although in proper form, the process has been issued or executed by a person either unauthorized to issue or execute the same, or where the person having the custody of the prisoner under such process is not the person empowered by law to detain him; (6) where the process appears to have been obtained by false pretense or bribery; (7) where there is no general law, nor any judgment, order or decree of a court to authorize the process if in a civil suit, nor any conviction if in a criminal proceeding. No court or judge, on the return of a *habeas corpus*, shall in any other matter inquire into the legality or justice of a judgment or decree of a court legally constituted."

This case does not fall within any of the exceptions named in said section 22, and under these provisions we are compelled to hold that in a case like the present the constitutionality of a statute cannot be tested by *habeas corpus*. Nor is the question presented a new one in this court. At the last February term one Harry Gundling presented his petition for a writ of *habeas corpus*, from which it appeared that said Gundling was imprisoned by virtue of a conviction obtained against him for selling cigarettes without a license, contrary to an ordinance of the city of Chicago. It was there sought, in an original *habeas corpus* proceeding, to have this court declare the ordinance invalid, but we then held that the proper remedy for the petitioner was an appeal from the judgment under which he was imprisoned, and the writ was accordingly refused.

In the case at bar, the justice of the peace had jurisdiction to hear the case and to render the judgment against the relator which is complained of, and in doing so said justice had full power and jurisdiction to decide all the questions involved in the case, including the question whether or not the law under which the prosecution was instituted was constitutional. The fact that the court was an inferior one, and that its decision of a constitutional question might not be of great authority as a precedent, does not change the case in any degree. The petitioner could have appealed from the judgment of the justice and have had a trial *de novo* in a proper court of record, in which trial he could, if he chose, by presenting propositions of law, have preserved for review in a still higher court the constitutionality of the law under which the judgment was rendered. The statute above quoted was evidently framed to meet just such a case as is here presented. The effect of granting writs in cases of this kind would be to allow defendants in all convictions under ordinances or statutes the validity of which might be questioned, to come directly to this court by a proceeding in *habeas corpus* instead of appealing or prose-

cuting writs of error, as the law contemplates. Such a practice contravenes the statute, and is not to be permitted. In this case the remedy by appeal was complete, and the writ of *habeas corpus* is denied.

*Writ denied.*