[Criminal No. 364.    Filed May 21, 1914.]

[140 Pac. 988.]

In the Matter of the Application of JOSE SILVAS for a Writ of *Habeas Corpus*.   JOSE SILVAS, Appellant, v. State, Respondent.

1. HABEAS CORPUS—FUNCTION OF WRIT.—A writ of *habeas corpus* is not available to correct mere errors or irregularities in procedure in a case where the court has jurisdiction of the person and of the offense charged.

   [As to function of writ of *habeas corpus*, see note in 87 Am. St. Rep. 167.]

2. CRIMINAL LAW—PUNISHMENT.—Civil Code of 1913, paragraph 3829, makes it a misdemeanor to sell or give away intoxicating liquor in a local option district, but provides no punishment.   Penal Code of 1913, section 19, provides that, where no punishment is prescribed, every misdemeanor is punishable by imprisonment in the county jail not exceeding six months or by a fine not exceeding $300, or by both. Chapter 22, section 1329, entitled "Proceedings in Justices', Police and Recorders' Courts," provides that a judgment that defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, in the proportion of one day's imprisonment for every dollar of the fine.   *Held,* that a justice's judgment for selling intoxicants in a local option district which imposed a fine of $250, and, in default of payment, imprisonment for sixty days, was legal and valid; accused being entitled to $4.16⅔ credit for each day of imprisonment, and the court being authorized to allow a larger credit than $1 a day.

APPEAL from a judgment of the Superior Court of the County of Maricopa.   J. C. Phillips, Judge.   Affirmed.

The facts are stated in the opinion.

Mr. J. B. Woodward, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C. Hardy, Assistant Attorney General, for Respondent.

ROSS, J.—The petitioner was tried and convicted in the justice's court of Glendale precinct, Maricopa county, March 14, 1914, on four separate and distinct complaints charging

him with four separate and distinct misdemeanors in selling intoxicating liquors in a local option district, to wit, Glendale. In each case he was adjudged to pay a fine of $250, and, in default of the payment of said sum of money, to be imprisoned in the county jail of Maricopa county for sixty days.

The application for writ of *habeas corpus* was first made to the superior court of Maricopa county, and by that court, on final hearing, dismissed as without merit. It is here on appeal.

The petition for writ assigns several reasons why petitioner's imprisonment is illegal, but he argues only three reasons in his brief: First, that the judgment of conviction is void, in that it fails to specify the number of dollars per day that defendant should be credited with for each day of his confinement; second, that the fine imposed was in the nature of a debt due from petitioner to the state, and that imprisonment therefor is in violation of section 18, article 2, Constitution, which prohibits imprisonment for debt except in cases of fraud; third, that the sentence is cruel and unusual.

It is well-settled law that the writ of *habeas corpus* may not be substituted for writs of error and appeals. It is not one of its functions to correct mere errors or irregularities in procedure. If a court having jurisdiction of the person and the offense charged commits errors in the procedure or the administration of the law, or if irregularities occur in the course of the trial, such errors and irregularities, if they affect the substantial rights of the prisoner to his prejudice, on appeal, under the laws of Arizona, may and should be corrected. In this proceeding, however, upon a determination that the trial court possessed jurisdiction of the person and the offense and power to inflict the particular judgment or sentence given, under the well-settled law, no relief can be afforded. We cannot correct errors or irregularities on a petition for a writ of *habeas corpus*. If any such occurred in the trials, an appeal was open to petitioner, and the remedy therein ample to protect his rights. Bailey on Habeas Corpus, sec. 30; *Sennott's Case*, 146 Mass. 489, 4 Am. St. Rep. 344, 16 N. E. 448; *Ex parte Gibson*, 31 Cal. 619, 91 Am. Dec. 546; *State v. Klock*, 48 La. Ann. 67, 18 South. 957, 55 Am. St. Rep. 259, and note

at pages 264–275; *Savin, Petitioner,* 131 U. S. 267, 33 L. Ed. 150, 9 Sup. Ct. Rep. 699; 21 Cyc. 285.

Section 3829, Civil Code of 1913, makes it a misdemeanor to sell, exchange or give away, with the purpose of evading the law, any intoxicating liquor whatsoever in a local option district, but affixes no punishment.

Section 19, Penal Code of 1913, provides that, in cases where no punishment is prescribed, every misdemeanor is punishable by imprisonment in the county jail not exceeding six months or by a fine not exceeding $300, or by both. The punishment of which petitioner complains was in each of the four cases considerably less than the law permitted.

Section 1329, chapter 22, Penal Code of 1913, entitled "Proceedings in Justices', Police and Recorders' Courts," provides that: "A judgment that a defendant pay a fine may also direct that he be imprisoned until the fine is satisfied in the proportion of one day's imprisonment for every dollar of the fine." It is the contention of petitioner, under this section, that the judgment should have recited a credit in dollars for each day's confinement. It has been decided by the California courts, from which this section is taken, that the trial court can, in its discretion, allow a larger credit per day than $1. He may allow as many dollars per day as he thinks right as a credit upon the fine. We quote from the syllabus in *Ex parte Soto,* 26 Pac. 530 (88 Cal. 624): "Directing imprisonment until the fine be satisfied, at the rate of one day for $2 of the fine, does not render the judgment void, and therefore authorize the discharge of the prisoner on *habeas corpus.*"

In the present case the fine imposed was $250, and, in default of its payment, imprisonment for sixty days. The only difference in this sentence and the sentence in the Soto case is that in the latter the provision was made that the prisoner should receive credit at the rate of $2 for every day he was confined, and in the former the credit allowed for each day's imprisonment was left to calculation. It is quite definite, however, that the petitioner is entitled to $4.16⅔ credit for each day of his imprisonment.

Section 1308, Penal Code of 1913, provides that justice's courts have jurisdiction of "all misdemeanors punishable by fines not exceeding three hundred dollars, or imprisonment

not exceeding six months, or by both such fine and imprisonment.'' By this section the jurisdiction of the justice of the peace to hear and determine the offenses charged against the petitioner is made plain. It is also clear that the punishment inflicted was within the terms of the law. The judgment may be subject to criticism in not more explicitly providing *per diem* credit for each day's imprisonment of the petitioner and for his discharge from custody upon full payment of fine with cash, or imprisonment credit, or both, but the judgment is not void entitling the petitioner to his discharge in this proceeding.

The prohibition in the Constitution against imprisonment for debt only applies to debts arising from contract, either express or implied. It has no application to fines imposed in criminal proceedings for violations of the criminal laws of the state. 8 Cyc. 879, 881.

The last point made by petitioner that his punishment is cruel and unusual does not appear to be entitled to consideration for two very good reasons: First, it is without merit; and, second, it cannot be raised in this proceeding.

Judgment is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.