[Criminal No. 384.   Filed September 17, 1915.]

[151 Pac. 946.]

RAMON VILLALOBO, Appellant, v. STATE, Respondent.

CRIMINAL LAW—APPEAL AND ERROR—TIME OF APPEAL.—The right to appeal being purely statutory, and conferring no jurisdiction on the supreme court where not exercised within the time prescribed, jurisdiction was not conferred by attempting to appeal from a conviction for murder after the statutory time, notwithstanding Penal Code of 1913, paragraph 1164, providing that no appeal to the supreme court shall be dismissed if sufficient matter or substance be contained in the record to enable the court to decide the case on its merits.

APPEAL from a judgment of the Superior Court of the County of Pinal.   J. E. O'Connor, Judge.   Appeal dismissed.

Mr. G. M. Allen and Mr. Stephen H. Abbey, for Appellant.

Mr. Wiley E. Jones, Attorney General, for the State.

PER CURIAM.—Ramon Villalobo was convicted of the crime of murder in the first degree.   The jury selected to try the case, after hearing the evidence produced and the law as given by the court, pronounced him guilty, and, in the exercise of the discretion vested in the jury by the law of this state, said that the said Villalobo shall suffer death as the punishment for his crime.   In accordance with the verdict the trial court rendered its judgment, and sentenced the prisoner to suffer the death penalty.   This pretended appeal

is from the final judgment of conviction. The law of this state provides that an appeal in such cases must be taken within 60 days after the rendition of such judgment. The record here presented shows that no effort was made to take an appeal until more than 7 months had elapsed after said final judgment of conviction.

The right to appeal is purely a creature of the statute, and where an appeal is not taken within the time prescribed by the law, this court, of course, acquires no jurisdiction, and the judgment of the lower court becomes final and conclusive. This is so well understood by both the bench and bar that it is a waste of words to repeat such a statement of the law. It is urged, however, that in view of paragraph 1164 of the Penal Code no appeal to the supreme court shall be dismissed if sufficient matter or substance be contained in the record to enable this court to decide the case on its merits. The answer to this is that there is no appeal here but merely a pretended appeal.

It is perfectly clear, and must be well understood, that the salutary provisions of the paragraph referred to can be applied to such cases only wherein this court has obtained jurisdiction by an appeal duly and regularly taken as the law directs. The gravity of the offense and the severity of the punishment imposed by the law may not obtain to extend by a forced construction the right of appeal beyond the period specified, and thus ignore the explicit directions of the statute. That the death penalty shall or shall not remain in this state as a punishment for the crime of murder is for the legislative branch of the government to determine. But under the oath of office taken by the judges the courts must support the law and administer the same as it exists. The contention urged has no merit and is entirely frivolous.

It appearing that the judgment of death has not been executed, and that the time fixed therefor has passed, it will become the duty of the superior court, on application of the county attorney, to proceed under the provisions of paragraph 1147 of the Penal Code, and specify such time for the execution of such judgment as to said court may seem meet and proper.

We have no jurisdiction but to dismiss this pretended appeal, and it is so ordered.