[Criminal No. 385.   Filed March 31, 1916.]

[156 Pac. 94.]

FRANCISCO RODRIGUEZ, Appellant, v. R. B. SIMS, Superintendent of the State Prison of the State of Arizona, Respondent.

1. PARDON—REPRIEVE—EFFECT.—The law of Arizona does not limit the period to which a reprieve may be granted, and as a reprieve merely postpones the execution of the judgment and does not and cannot defeat its ultimate execution, execution under a sentence to death would ordinarily take place on the expiration of the reprieve of the original sentence.

2. HABEAS CORPUS—FUNCTION OF WRIT.—Where error, if any, in criminal proceedings, could have been corrected on appeal from the final judgment of conviction, the remedy is not in *habeas corpus*.

3. PARDON — REPRIEVE — EXPIRATION—EXECUTION—STATUTE.—Where a sentence of death has not been executed, and the time fixed for the execution thereof has passed by reason of reprieves, the superior court in which the conviction was had, on application of the county attorney, would proceed under section 1147 of the Penal Code of 1913, and specify such time for the execution of such judgment as to it seemed meet and proper.

4. CRIMINAL LAW—HARMLESS ERROR—STYLE OF WARRANT OF EXECUTION.—Where "The State of Arizona" would be the style of the

order to be made directing and fixing a time for the execution of a death sentence unexecuted by reason of reprieves, the defendants could not be in any way prejudiced by the alleged irregularity in the style of the warrant of execution previously issued.

[As to release of prisoner under *habeas corpus* after judgment and sentence, see note in 86 Am. St. Rep. 167.]

APPEAL from an order or judgment of the Superior Court of the County of Pinal in *Habeas Corpus.* A. G. McAlister, Judge. Affirmed.

Messrs. Struckmeyer & Jenckes, for Appellant.

Mr. Wiley E. Jones, Attorney General, for Appellee.

STANFORD, Superior Court Judge.—It appears that Francisco Rodriguez was sentenced by the district court of the territory of Arizona in and for the county of Maricopa on May 17, 1911, to be executed August 24, 1911, and from that judgment an appeal was taken to this court, whereupon the judgment of the lower court was affirmed, and on October 25, 1912, appellant, Francisco Rodriguez, was resentenced by the superior court of the state of Arizona in and for the county of Maricopa to be executed on January 10, 1913. Miguel Peralta was sentenced by the superior court of the state of Arizona in and for the county of Yavapai on August 10, 1912, to be executed on October 11, 1912, and from which judgment no appeal was taken. M. B. Chavez was sentenced by the district court of the territory of Arizona in and for the county of Yavapai on June 9, 1911, and from said judgment an appeal was taken to this court, and by this court judgment was affirmed, and said M. B. Chavez was resentenced in the superior court of the state of Arizona in and for the county of Yavapai on August 5, 1912, to be executed on October 11, 1912. Eduardo Perez was sentenced February 11, 1911, by the district court of the territory of Arizona in and for the county of Yavapai to be executed April 21, 1911, and from the judgment of the said court the appellant appealed to this court, and this court affirmed the judgment of the court below, and the said Eduardo Perez was resentenced by the superior court of the state of Arizona in and for the county of Yavapai on August 5, 1912, to be executed October

11, 1912. And accordingly, in conformity with the law, each of the appellants, after the above-mentioned sentences, was delivered by the respective sheriffs of Maricopa and Yavapai counties to the superintendent of the state prison of the state of Arizona, at Florence, Arizona, for execution. In each case of all of the above-named appellants, the Governor of the state of Arizona, on the seventh day of January, 1913, granted a reprieve until the twelfth day of April, 1913; on the eleventh day of April, 1913, a reprieve was likewise granted by the said Chief Executive until the sixteenth day of May, 1913; on the fifteenth day of May, 1913, a reprieve was granted by the said Chief Executive until the twentieth day of June, 1913; on the nineteenth day of June, 1913, a reprieve was granted by the said Chief Executive until the nineteenth day of December, 1914; on the eleventh day of December, 1914, a reprieve was granted by the said Chief Executive until the nineteenth day of March, 1915; on the eleventh day of March, 1915, and upon the recommendation of the board of pardons and paroles, a reprieve was granted by the said Chief Executive until the twenty-eighth day of May, 1915; and on the twenty-eighth day of May, 1915, and upon the recommendation of the board of pardons and paroles, a reprieve was granted by the said Chief Executive until the thirtieth day of July, 1915. As to three of the appellants, the record does not disclose the action taken between October 11, 1912, and January 7, 1913. On July 26, 1915, each appellant filed his petition in the superior court of the county of Pinal, alleging his imprisonment and detention by the appellee, and praying for the issuance of a writ of *habeas corpus,* and for his discharge from such imprisonment and detention. Except as to the date of the said respective sentences the facts, the issues raised, the proceedings below, and the matters to be decided, were identical, and each appeal will be governed by the opinion herein.

The appeal herein is taken by the appellant from the order and judgment of the lower court in quashing the writ of *habeas corpus,* and refusing to discharge the appellant; and the appellant assigns as error the following:

1. The court erred in overruling the demurrers of the appellant to the sufficiency of the return to the writ of *habeas corpus* made by the appellee.

2. The court erred in denying the motion of the appellant to discharge the appellant from imprisonment by the appellee.

3. The court erred in sustaining the motion of the appellee to quash the writ of *habeas corpus* and remanding the appellant to the custody of the appellee.

The minute entries show the following, to wit:

"Judge McAlister of Graham county, sitting in the absence of O. J. Baughn, judge of the superior court of Pinal county, at the request of Gov. Hunt."

It is doubtful if the mere absence of a judge of a superior court is a disqualification or inability of such judge to serve within the meaning of section 7, article 6, of the Constitution so as to authorize the judge of another superior court to serve at the request of the Governor in the place of the absent judge. Waiving, however, this question, we shall determine the appeal on the merits.

The appellant submits to the court the following:

First. That he has been deprived of his life and his liberty without due process of law in violation of the Fourteenth Amendment to the federal Constitution, and the Constitution of the state of Arizona, because he was not hanged at a time not less than sixty, nor more than ninety, days from the judgment of conviction.

Second. That he was placed in jeopardy for his offense when the judgment of death was not executed at a time not less than sixty, nor more than ninety, days from the time of judgment of conviction.

Third. That the death warrant is void, for the reason that it is not styled in the name of "The State of Arizona," as required by section 20 of article 6 of the Constitution of Arizona.

The first two contenions were submitted by reason of reprieves granted by the Governor of Arizona. In other words, appellant is objecting because he was not hanged. While this court has often expressed itself of a desire to do substantial justice, yet it cannot return the past. What we do not understand is why, in view of the strenuous objections now made, appellant permitted seven different reprieves, extending over such a long *interim,* without an objection previous to this one, and why he did not await a further reprieve, which he apparently anticipated, on July 30th.

The law of this state, unlike that of some states, does not limit the period to which a reprieve may be granted, and as a reprieve merely postpones the execution of a judgment for a time, and does not and cannot defeat the ultimate execution of the judgment of the court, after such a delay the execution would ordinarily take place by reason of the expiration of the temporary extension of the original sentence.

We understand that the petition herein would never have been filed if the reprieve had been granted before the expiration of the ninety day period required, but still the Governor could have reprieved any number of times so long as those times expired before the end of the ninety day period from date of judgment, and if the same number of times had been indulged in during that period, as in this case, appellant would have suffered the same alleged cruelty, but without right to complain.

As to the other contention the judgment of death was rendered, and the warrant issued in each case, except that of Miguel Peralta, before the Constitution went into effect. In the case of Miguel Peralta, the error, if any, in the proceedings, could have been corrected on an appeal from the final judgment of conviction, and in such a case the remedy is not in *habeas corpus. Matter of Application of Silvas,* 16 Ariz. 41, 140 Pac. 988.

The time fixed for the execution of the judgment in each case, however, has passed, and the superior court will proceed under section 1147 of the Penal Code, and specify a time for executing the judgment. "The State of Arizona" will be the style of the order to be made directing and fixing the time for the execution of the judgment, so that neither of the appellants can in any way be prejudiced by the alleged informality or irregularity in the style of the warrant of execution heretofore issued.

There is no reversible error, and the order or judgment is, accordingly, affirmed.

It appearing that the judgment of death has not been executed, and that the time fixed for the execution thereof has passed, it will become the duty of the superior court in which the conviction of said Francisco Rodriguez was had, on application of the county attorney of the county in which said conviction was had, to proceed under the provisions of sec-

tion 1147 of the Penal Code, and specify such time for the execution of said judgment as to said court may seem meet and proper.

FRANKLIN, P. J., and CUNNINGHAM, J., concur.

N. B.—Chief Justice ROSS being disqualified and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the Constitution, called in Honorable R. C. STANFORD, Judge of the superior court of the state of Arizona in and for the county of Maricopa, to sit with them in the hearing of this cause.