[Criminal No. 477.  Filed December 1, 1919.]

[185 Pac. 360.]

# SIMPLICIO TORREZ, Appellant, v. STATE, Respondent.

CRIMINAL LAW—NOTICE OF APPEAL FROM VERDICT ONLY.—Under Penal Code of 1913, section 1153, where defendant, convicted of murder and sentenced to death, gave no notice of appeal from the judgment, or from the order denying his motion for new trial, but merely gave notice of appeal from the verdict, the Supreme Court has no jurisdiction; the provisions of the statute as to appeal being mandatory and jurisdictional.

APPEAL from a judgment of the Superior Court of the County of Coconino. J. E. Jones, Judge. Appeal dismissed, with instructions.

Mr. Mercer Hemperly and Mr. Isaac Barth, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. C. M. Gandy, Mr. L. B. Whitney, Mr. A. B. Baker, and Mr. F. J. K. McBride, Assistant Attorneys General, for the State.

PER CURIAM.—We would have been glad to review the attempted appeal in this case, but we are without jurisdiction to do so, and the motion of the Attorney General to dismiss will have to be granted. The record affirmatively shows that the appellant, Simplicio Torrez, was informed against by the county attorney of Coconino county, and charged with the murder of one Victor H. Melick, said to have been committed on or about the thirty-first day of May, 1919. The information was filed June 11, 1919. Thereafter the appellant was arraigned and pleaded "not guilty." A trial was had before a jury, and appellant was found guilty of murder in the first degree, and the penalty fixed at death. The verdict of

XXI Ariz.—5

the jury was rendered on July 18, 1919. On July 21, 1919, the appellant gave the following notice of appeal:

"[Title of the Court and Cause.] Notice is hereby given that the defendant, Simplicio Torrez, hereby appeals from the verdict of conviction rendered in that certain case, wherein the state of Arizona is plaintiff and Simplicio Torrez is defendant, and from the whole thereof. Dated this 21st day of July, A. D. 1919."

On the fourth day of August, 1919, the court rendered judgment and sentenced the appellant to death. On the same day (August 4, 1919) the appellant filed a motion for a new trial, which was overruled. No notice of appeal from the judgment or from the order denying the motion for a new trial was given. In this state of the record we are without jurisdiction to review the case. There is no such thing as an appeal solely from a verdict of guilty, under the provisions of the Penal Code. Penal Code 1913, § 1153. The provisions of the statute, fixing how and when an appeal in a criminal case may be taken to this court, are mandatory and jurisdictional. In *Ramon Villalobo* v. *State*, 17 Ariz. 261, 151 Pac. 946, we said:

"The right to appeal is purely a creature of the statute, and where an appeal is not taken within the time prescribed by the law, this court, of course, acquires no jurisdiction, and the judgment of the lower court becomes final and conclusive. This is so well understood by both the bench and bar that it is a waste of words to repeat such a statement of the law."

So it may be said in this case that, where an appeal is not taken from a final judgment, or one of the orders mentioned in section 1153 of the Penal Code, " . . . this court, of course, acquires no jurisdiction, and the judgment of the lower court becomes final and conclusive."

It is not a pleasant duty to have to dismiss an appeal without reviewing the case, especially in so grave a case as the present one; but we are powerless and without any discretion in the matter. The appeal is therefore dismissed, with directions to the superior court of Coconino county to proceed with the execution of its judgment as provided in section 9 of the initiative measure, approved by majority of the votes cast thereon at the general election held on the fifth day of November, 1918, and, under the provisions of law, by a proclamation of the Governor dated December 5, 1918, took effect on said date. Session Laws of Arizona 1919. (Amendments to the Constitution), page 17.