[Criminal No. 494.   Filed April 14, 1920.]

[188 Pac. 877.]

## SIMPLICIO TORRES, Appellant, v. STATE, Respondent.

CRIMINAL LAW — NO APPEAL FROM ORDER FIXING EXECUTION OF SENTENCE AFTER EXPIRATION OF DATE FIRST FIXED.—Under Laws of 1919, page 17, Initiative Measures, section 9, an express prohibition, no appeal lies from order of trial court fixing date of execution of sentence on defendant convicted of a capital offense after the date first fixed has expired; execution of sentence on that date having been stayed by appeal.

APPEAL from an order fixing date of execution of a judgment of the Superior Court of the County of Coconino.  J. E. Jones, Judge.  Appeal stricken from files.

Mr. Mercer Hemperley, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. Louis B. Whitney, Assistant Attorney General, for the State.

PER CURIAM.—In this case, the above-named appellant was convicted of the crime of murder of the first degree, and duly sentenced to suffer death as punishment therefor. Notice of appeal was given from the verdict of conviction. This court dismissed that appeal for the reasons stated in cause No. 477, filed December 1, 1919, *ante,* p. 65, 185 Pac. 360.

On January 27, 1920, the defendant was brought before the court, and after the court had inquired if any legal reason existed why the judgment of the court should not be executed, and none having been shown, and the judgment remaining in force and not satisfied, the court fixed the sixteenth day of April, 1920, as the day upon which the proper officer must execute the judgment and sentence of death entered

against the defendant on the fourteenth day of August, 1919, fixing as the day of execution the twenty-fourth day of October, 1919.

From such order directing and fixing the time for the execution of such judgment on April 16, 1920, the defendant has again attempted to appeal to this court in this instance.

The record of the foregoing action of the said superior court was filed with this court on April 2, 1920. On the third day of April, 1920, the Attorney General filed a motion to dismiss upon the grounds that no appeal lies from the order of the court fixing the date of execution, after the date first fixed has expired, as is shown in this case. The Attorney General caused notice of this motion to dismiss to be served on the attorneys for the defendant. As yet no reply to the motion has been filed in the case. This is immaterial, for the reason that the statute (section 9, Initiative Measures, page 17, Laws 1919) expressly prohibits an appeal from such order in such circumstances presented here.

The court, of its own motion, orders the attempted appeal stricken from the files for the very evident reason that we have no jurisdiction to review the order which is the subject of the attempt to appeal.