[Civil No. 2189. Filed June 2, 1923.]

[215 Pac. 538.]

STATE OF ARIZONA, at the Relation of JOHN W. MURPHY, Attorney General of the State of Arizona, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF ARIZONA, Within and for the County of Pinal, STEPHEN H. ABBEY, Judge, and J. D. BENNETT, Clerk of Said Court, Respondents.

1. HABEAS CORPUS—PETITION FOR WRIT HELD NOT TO SHOW GROUND FOR RELIEF, BEING MADE UP OF CONCLUSIONS AND ASSUMPTIONS.—A petition for writ of *habeas corpus* alleging that M. was restrained of his liberty in violation of the Constitution of the United States, Amendment 14, that he was about to be deprived of his life without due process of law, and without the equal protection of the law, that the judge of the superior court of S. county, in fixing the date for the execution of the judgment of petitioner, was without jurisdiction of the person or subject matter, and that all such acts were without authority of law, in violation of the Constitution of the United States Amendment 14, and state Constitution, article 2, section 4, *held* made up of conclusions and assumptions of the pleader, and not sufficient to merit issuance of writ.

2. HABEAS CORPUS—ALLEGATION THAT COURT SENTENCING DEFENDANT HAD NO JURISDICTION OF PERSON AND SUBJECT MATTER HELD CONCLUSION OF PLEADER.—A statement in a petition for a writ of *habeas corpus* that the superior court of S. county did not have jurisdiction of the person and the subject matter at the time the court reset the date for carrying into effect its judgment and sentence of accused *held* a conclusion of the pleader containing no element of fact.

3. HABEAS CORPUS—WRIT SHOULD NOT BE ISSUED UPON FACTS NOT SHOWING PRISONER ENTITLED TO DISCHARGE.—The writ of *habeas corpus* should not be issued upon a statement of facts not showing, or tending to show, the prisoner is entitled to his discharge.

4. HABEAS CORPUS — MERE IRREGULARITY NOT REVIEWABLE OR CORRECTED BY WRIT.—Mere irregularities or mistakes cannot be reviewed or corrected by the writ of *habeas corpus*.

See 16 C. J., p. 1334; 17 C. J., pp. 47, 95; 29 C. J., pp. 25, 142, 195.

5. CRIMINAL LAW—EXECUTION OF JUDGMENT OF DEATH MAY NOT BE SUSPENDED EXCEPT FOR INSANITY, PREGNANCY, AND REPRIEVE BY GOVERNOR.—Under Penal Code of 1913, section 1140, providing that no judge, court or officer can suspend the execution of death, the only instances in which judgment may be suspended, except upon a reprieve by the Governor, arise where a prisoner may have become insane after delivery to the superintendent of the prison, or the prisoner, if a female, is pregnant.

6. CRIMINAL LAW—RIGHT OF APPEAL IS STATUTORY, WHICH PARTY MUST EXERCISE WITHIN TIME LIMITED.—Right of appeal of a defendant is a matter of grace given by organic or statutory law, there being no common-law right of appeal, and when a defendant appeals he must do so within the time and manner fixed by law.

7. CRIMINAL LAW—LEGISLATURE FIXES TIME WITHIN WHICH APPEAL MUST BE MADE—COURT OR STATE OFFICER CANNOT EXTEND TIME OF APPEAL.—The legislature fixes the time within which the right of appeal shall be exercised, and neither the court nor any court or state officer can extend that time.

8. CRIMINAL LAW—ATTORNEY GENERAL HAS NO POWER TO EXTEND TIME DURING WHICH APPEAL MAY BE TAKEN.—Where defendant did not appeal from the judgment of death within sixty days from date of conviction, as provided in Penal Code of 1913, section 1158, the consent of the Attorney General to an appeal after appeal time had expired was futile, since he had no power to extend the time in which the appeal could be taken.

9. HABEAS CORPUS—APPELLATE COURT MAY RECTIFY WRONG DONE BY ISSUANCE OF WRIT OF HABEAS CORPUS, WHICH POSTPONED EXECUTION OF DEATH SENTENCE.—The appellate court has power to rectify the wrong occasioned by the issuance of a writ of *habeas corpus* resulting in the postponement of the execution of a death sentence made in accordance with Initiative Measure (Laws 1919, p. 19), section 9.

Original *certiorari* proceeding.    Record quashed.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Mr. Earl Anderson and Mr. E. W. McFarland, Assistant Attorneys General, for Petitioner.

Mr. H. J. Robinson, for Respondents.

ROSS, J.—This is an original *certiorari* proceeding, on the relation of the Attorney General of the state, against the superior court of Pinal county,

Stephen H. Abbey, Judge, and J. D. Bennett, clerk of said court.

The facts out of which this proceeding arises are as follows: On June 10, 1922, Manuel Martinez was sentenced to suffer death by the superior court of Santa Cruz county, Arizona, upon the verdict of a jury imposing that penalty, for the capital offense of murder, and the date for the execution of the sentence was fixed as the eighteenth day of August, 1922. Thereafter the said Manuel Martinez attempted to appeal to the Supreme Court from said judgment of conviction and sentence. The appeal was dismissed by the Supreme Court on the sixteenth day of March, 1923, because it was not taken within sixty days after the rendition of the judgment of conviction.

The judgment not having been executed at the time originally fixed, because of said attempted appeal, on application of the county attorney of Santa Cruz county, Martinez was directed by the superior court of said county to be brought before it, and no legal reason appearing to exist why the sentence of death should not be carried out the court ordered the superintendent of the state prison to execute the judgment on the twenty-fifth day of May, 1923, in accordance with section 9, Initiative Measure, Laws 1919, page 19.

On May 24, 1923, at and about the hour of 4:00 P. M., one Roberto E. Quiros made application to the superior court of Pinal county, at Florence, where the state prison is situated, for a writ of *habeas corpus,* in behalf of the said Manuel Martinez, setting forth therein that said Martinez was restrained of his liberty in violation of article 14 of the amendments to the Constitution of the United States; that he was about to be deprived of his life without due process of law and without the equal protection of the law; that the judge of the superior court of Santa

Cruz county in fixing the date for the execution of the judgment as of May 25, 1923, was without jurisdiction of the person or the subject matter; and that all such acts and doings were and are without authority of law, and in violation of said Fourteenth Amendment and section 4 of article 2 of the Constitution of the state.

The defendant Stephen H. Abbey, Superior Judge as aforesaid, thereupon ordered and directed that a writ of *habeas corpus* issue, returnable May 26, 1923, at 9:30 A. M. The superintendent of the prison obeying this improvidently issued writ, the regular mandate of the law failed of execution at the time fixed.

The petition for writ of *certiorari* was filed in this court by the Attorney General on May 25th, and the writ immediately issued. It was served upon the defendants on May 26th. By it the defendants were commanded to certify fully and have before the Supreme Court, at the capitol, on the twenty-ninth day of May, 1923, a transcript of all the records and proceedings in the application for the writ of *habeas corpus,* together with all orders and minute entries therein, and in the meantime the said defendant Stephen H. Abbey, Judge as aforesaid, was commanded to desist from further proceedings in the matters to be reviewed.

On the date set for the hearing there was filed by the clerk of the superior court of Pinal county copies of the petition for the writ of *habeas corpus,* the substance of which we have heretofore given, the writ, the order of the Supreme Court dismissing Martinez's appeal, the order of the superior court of Santa Cruz county directing the sheriff to return Martinez from the state prison to Santa Cruz county, and the order directing the superintendent of the state prison to carry into execution the judgment of the court. There

is no other or further reason suggested justifying the issuance of the writ of *habeas corpus* other than may be discovered upon the face of the above-enumerated papers.

The petition for a writ of *habeas corpus* states no fact showing, or tending to show, that Martinez's imprisonment was illegal, or in violation of any law. The mere assertion that he was being detained in violation of the Fourteenth Amendment, and that he had been denied the equal protection of the law and due process of law, means nothing. It does not show that the defendant Martinez did not have a fair and impartial trial before a court with jurisdiction to hear and determine the question of his guilt. Indeed, it shows nothing in the way of omission or commission that in the least violated any law of the land. It is made up of bold untenable assertions and conclusions and assumptions. The statement that the superior court of Santa Cruz county did not have jurisdiction of the person and the subject matter at the time the court reset the date for carrying into effect its judgment and sentence is a bare bold conclusion of the pleader containing no element of fact.

As is said in *People* v. *Superior Court,* 234 Ill. 186, 14 Ann. Cas 753, 84 N. E. 875:

"Not every document labeled a petition for a writ of *habeas corpus* is necessarily such a petition within the meaning of the law. . . . The issuance of the writ upon the filing of a petition is not a mere matter of course. The writ should never issue unless a petition is presented which is in substantial accord and compliance with the provisions of the statute, and which shows upon its face that the petitioner is entitled to his discharge."

The defendant Abbey seemed to entertain the idea that it was his duty to issue the writ on the mere filing of the petition therefor, without regard to its contents. In this of course he is in error. The writ

of *habeas corpus* should not be issued upon a statement of facts that do not show, or tend at least to show, the prisoner is entitled to his discharge. *People* v. *Superior Court, supra.*

The case of *People* v. *Zimmer,* 252 Ill. 9, 96 N. E. 529, involved the attempted exercise of jurisdiction over a matter by two courts of co-ordinate powers, and the right of one of such courts to review the judgment of the other by writ of *habeas corpus.* It was said:

"The writ of *habeas corpus* is a high prerogative writ, and when properly issued supersedes all other writs, and by reason of that fact it should be confined to its legitimate office, otherwise an ignorant, reckless or partisan judge, by usurpation, may through the writ work a great wrong to society and the state by discharging offenders who have been lawfully convicted and sentenced to imprisonment by other courts while legally exercising co-ordinate jurisdiction with the court granting such discharge. It has never been the office of the writ of *habeas corpus* to operate as a writ of review, and we take it that no well-considered case can be found where it has been held that the writ may properly be used to review the judgment of a court where the judgment sought to be reviewed had been rendered by a court which had jurisdiction of the person and subject matter of the suit in which the judgment had been rendered. *Ex parte Smith,* 117 Ill.. 63, 7 N. E. 683; *People* v. *Allen,* 160 Ill. 400, 43 N. E. 332; *People* v. *Jonas,* 173 Ill. 316, 50 N. E. 1051; *People* v. *Murphy,* 212 Ill. 584, 72 N. E. 902; *People* v. *Superior Court,* 234 Ill. 186, 84 N. E. 875; *People* v. *Strassheim,* 242 Ill. 359, 90 N. E. 118; *Martin* v. *District Court,* 37 Colo. 110, 119 Am. St. Rep. 262, 86 Pac. 82; *Ex parte Parks,* 93 U. S. 18, 23 L. Ed. 787; *Kaizo* v. *Henry,* 211 U. S. 146, 53 L. Ed. 125, 29 Sup. Ct. Rep. 41; *Harlan* v. *McGourin,* 218 U. S. 442, 54 L. Ed. 1101, 31 Sup. Ct. Rep. 44."

The Supreme Court of Colorado in *Martin* v. *District Court, supra,* 37 Colo. 110, 119 Am. St. Rep. 262,

86 Pac. 82, uses language so apt to the facts and circumstances of this case that we quote the same with our approval:

"For another reason that court exceeded its jurisdiction in the premises. The sentence under which the prisoner was in custody was pronounced by the district court of Otero county. That court had jurisdiction of the crime and of the person of the defendant, and the power to pronounce sentence. The district court of Arapahoe county is a court of concurrent jurisdiction only. It has no power under the Constitution or the statutes of this state to review or supervise by *habeas corpus* the judgment of the district court of another judicial district. This was clearly intimated by Mr. Justice ELLIOTT in his concurring opinion in *Cooper* v. *People,* 13 Colo. 337, 373, 6 L. R. A. 430, 22 Pac. 790. He there said that, notwithstanding the fact that our statute confers jurisdiction in *habeas corpus* cases upon district courts and district judges, yet in the nature of things there must be some limitation to the exercise of such power, else the unseemly spectacle might be presented of one district court releasing prisoners committed by another district court, or even by the Supreme Court itself. This is precisely what the district court of the second judicial district has assumed to do in this case, and it was beyond its jurisdiction to do so."

It seems to us that what was said by this court in *State* v. *Superior Court of Pinal County,* 22 Ariz. 452, 197 Pac. 537, was not fully understood and appreciated by the presiding judge of Pinal county or he would not have interfered, as he did, with the proper and regular enforcement of the law. It is true in that case the superior court flew in the face of a judgment of the Supreme Court affirming the conviction of the defendant Nichan Martin. It was emphasized in that opinion that the superior court could not review the judgment of the Supreme Court by writ of *habeas corpus* or otherwise. It must be apparent, at least to the thoughtful, that the superior

court is likewise without power and jurisdiction to review, by means of the writ of *habeas corpus,* the final judgments of other superior courts exercising concurrent jurisdiction. In that case we quoted from *In re Johnson,* 167 U. S. 120, 42 L. Ed. 103, 17 Sup. Ct. Rep. 735 (see, also, Rose's U. S. Notes), the following language:

"Ever since the case of *Ableman* v. *Booth,* 21 How. 506 (16 L. Ed. 169), it has been the settled doctrine of this court that a court having possession of a person or property cannot be deprived of the right to deal with such person or property until its jurisdiction is exhausted, and that no other court has the right to interfere with such custody or possession."

It is well settled in this jurisdiction, and elsewhere, that mere irregularities or mistakes cannot be reviewed or corrected by the writ of *habeas corpus. Silvas* v. *State,* 16 Ariz. 41, 140 Pac. 988; *In Re Gregory,* 219 U. S. 210, 55 L. Ed. 184, 31 Sup. Ct. Rep. 143 (see, also, Rose's U. S. Notes). See the case of Miguel Paralta discussed in *Rodriguez* v. *Sims,* 18 Ariz. 74, 156 Pac. 94.

The interdiction against the action taken by the court, as found in section 1140 of the Penal Code, in this case is absolute. That section reads as follows:

"No judge, court, or officer, other than the Governor, can suspend the execution of a judgment of death, except the superintendent of the state prison, to whom the condemned person is delivered for execution, as provided in the six succeeding sections, unless an appeal is taken."

The "six succeeding sections" referred to provide for cases where the prisoner may have become insane after delivery to the superintendent of the prison, or if the prisoner, being a female, is pregnant; but those are the only instances in which the judgment may be suspended, except upon reprieve by the Governor. The prohibition is that "no judge, court, or officer . . .

can suspend the execution of a judgment of death,"
except in the cases instanced, and this of course comprehends the superior judge of Pinal county.

While it does not appear from the record or in
the petition for the writ of *habeas corpus,* or anywhere else, it crept out on the hearing that the contention of the petitioner for a writ of *habeas corpus* was that the Supreme Court, in refusing to
entertain the pretended appeal, had violated the Fourteenth Amendment and also the state Constitution,
and the real purpose of the *habeas corpus* proceeding
was to have the superior court of Pinal county review
the actions of the Supreme Court in that regard.
This much we learned from Manuel Martinez's attorney, who also appeared as attorney for the defendant here.

It should be borne in mind that the right of appeal
is purely statutory. There is no inherent or common-law right of appeal. It is a matter of grace to the
defendant, given to him by the organic or statutory
law. He may exercise it or not, just as he chooses.
If he would appeal he must do so within the time and
in the manner fixed by law. This has been settled in
this state ever since the decision in *Villalobo* v. *State,*
17 Ariz. 261, 151 Pac. 946.

Defendant Manuel Martinez, under the statute, had
sixty days from the date of his conviction of the crime
of murder in which to appeal (section 1158, Pen. Code).
He did not within the sixty days exercise his right.
After the time had expired, by some arrangement or
understanding with the then Attorney General of the
state, he undertook to appeal from the judgment of
conviction. Of course the Attorney General had no
power, nor authority, nor right, to extend the time
in which an appeal might be taken, and his consent
thereto was as futile as if it had been made by a layman. The legislature fixes the time within which

this right shall be exercised, and neither the court nor any court or state officer can extend that time.

We use the language of Mr. Justice BAKER, in *State* v. *Superior Court, supra,* in characterizing what has been done in this case.

"It is true the erroneous *habeas corpus* proceedings have had the wicked effect temporarily to defeat justice, but this court is vested by law with the unrestricted power to rectify the wrong, and we do not hesitate to exercise that power."

The *habeas corpus* proceedings before the defendant Stephen H. Abbey in the superior court of Pinal county will be, and the same are hereby, quashed; and the proper officer, when so ordered, will take said Manuel Martinez before the superior court of Santa Cruz county, there to be dealt with by the judge of said court as provided in section 9, Initiative Measure, filed in the office of the Secretary of State, July 3, 1918, and approved by a majority of the votes cast thereon at the general election held on the fifth day of November, 1918 (Sess. Laws Ariz. 1919, p. 19).

McALISTER, C. J., and LYMAN, J., concur.