[Civil No. 2640.   Filed December 3, 1928.]

[272 Pac. 97.]

STATE, Appellant, v. STEVE HENDERSON, Respondent.

Mr. John W. Murphy, Attorney General, Mr. Frank J. Duffy, Assistant Attorney General, Mr. George T. Wilson, County Attorney, and Mr. Benton Dick, Assistant County Attorney, for the State.

Mr. L. C. McNabb, for Respondent.

LOCKWOOD, J.—Steve Henderson was tried in the superior court of Maricopa county upon an information, the charging part of which reads as follows:

"The said Steve Henderson on or about the 25th day of December, 1926, and before the filing of this information, at and in the county of Maricopa, state of Arizona, did then and there, having the present ability so to do, willfully, unlawfully and feloniously upon the body and person of one Mary Kepler, there being, make an assault with his hands and other parts and members of his body, with the intent then and thereby upon the part of him, the said Steve Henderson, to commit the offense of rape upon the body and person of the said Mary Kepler, she the said Mary Kepler, being then and there a female child under the age of eighteen years, to wit, seven years of age, and she, the said Mary Kepler, not being then and there the wife of the said Steve Henderson."

Upon the trial he was convicted of simple assault, the trial judge having instructed the jury, at the request of both the county attorney and counsel for defendant, that such charge was included in the information, and the court in due time pronounced sentence in accordance with the verdict. Thereafter defendant filed a petition for a writ of *habeas corpus* in this court, which writ was made returnable in a division of the superior court of Maricopa county different from that which tried the case. The petition was based on the following grounds:

"Your petitioner respectfully submits and shows that there is no such crime in Arizona of simple assault upon a seven year old child and that your petitioner having been acquit[t]ed by the verdict of the jury of assault with intent to rate [rape] and aggravated assault should now be discharged from custody and given his liberty."

Upon the hearing, the writ was granted, and the defendant discharged, and from this action the State has appealed.

There are two assignments of error. The first is that the court erred in finding that the verdict of the jury convicted the defendant of an offense not known to the laws of Arizona. The second is that the court erred in holding that *habeas corpus* was a proper remedy when defendant had not exhausted his rights by way of appeal, under circumstances like those involved in the present case. We consider these assignments in their order.

The information properly charges the crime of assault with intent to commit rape. Are there any lesser offenses included therein? This court has held in the case of *Uren* v. *State*, 27 Ariz. 491, 232 Pac. 398:

"There can be no doubt but that in the very nature of the crime, an assault is an included offense in the crime of assault with intent to commit rape, and under proper allegations and proof a battery may likewise be included. As to whether such assault or battery is a simple or an aggravated one must depend upon the law defining such offenses, upon the allegations in the information, and upon the evidence adduced at the trial."

See, also, *People* v. *Bradbury*, 151 Cal. 675, 91 Pac. 497; *Duggan* v. *State*, 116 Ga. 846, 43 S. E. 253; *State* v. *Walters*, 45 Iowa 389; *People* v. *McDonald*, 9 Mich. 149.

The information, therefore, includes either simple or aggravated assault.

Defendant's contention is that, since it is alleged the person assaulted was a female child, under the law of Arizona such an assault could not be simple, but must be aggravated. In other words, that there is no such offense under the law of Arizona as a simple assault upon a child. Section 215, Revised Statutes of Arizona of 1913, Penal Code, so far as applicable, reads as follows:

"An aggravated assault is an assault under any of the following circumstances: . . .

"(3) When committed by an adult male upon the person of a female or child, or by an adult female upon the person of a child."

Within statutes of this nature, the word "adult" is always taken to mean a person who has attained the full age of twenty-one years. *Ellers* v. *State,* (Tex. Cr. App.) 55 S. W. 813; *Price* v. *State,* 35 Tex. Cr. Rep. 501, 34 S. W. 622; *George* v. *State,* 11 Tex. App. 95.

Under the common law, criminal responsibility for one's acts was presumed to arise at the age of fourteen years, and while, under our humane policy and the juvenile law, offenses committed by minors between the ages of fourteen and eighteen years are generally handled by special proceedings, they may, at the option of the trial judge, be disposed of in the criminal courts in the usual manner. Par. 3562, Rev. Stats. Ariz. 1913, Civil Code. Minors between the ages of eighteen and twenty-one years are liable for their criminal acts in the same manner as adults. If, therefore, a minor person of an age when he is criminally responsible for his acts commits an assault upon a child, the offense may be a simple assault, for it is only when the assailant is over the age of twenty-one that the assault can be an aggravated one.

The information in this case does not state the age of the defendant. As we said in the Uren case, *supra.*

"Although the information sufficiently charges the offense of an assault with intent to commit rape, under no circumstances could the defendant in this case have been convicted of an aggravated assault or aggravated battery as an included offense, for the reason that the charging portion of the information fails to allege an essential element of such offense, to wit, 'that defendant was an adult male person.'"

The assault charged by the information was therefore a simple one. We have read the reporter's transcript of the evidence, and we cannot find therein any testimony as to the age of defendant. It is the law of this state that, where the defendant is guilty of some degree of an offense, and there is a doubt as to whether it is the greater or the lesser, he must be convicted of the lesser one. Section 1037, Rev. Stats. Ariz. of 1913, Pen. Code. The information, therefore, included simple assault, the evidence did not exclude it, and the court had jurisdiction of the person and the offense, and the power to inflict the particular judgment given. The writ should have been denied.

But, even if the testimony had shown that defendant was an adult male person, or if the instructions of the court were erroneous, we think the writ of *habeas corpus* was improperly granted. This court has held in the case of *State* v. *Superior Court,* 25 Ariz. 226, 215 Pac. 538:

"It has never been the office of the writ of *habeas corpus* to operate as a writ of review, and we take it that no well-considered case can be found where it has been held that the writ may properly be used to review the judgment of a court where the judgment sought to be reviewed had been rendered by a court which had jurisdiction of the person and subject-matter of the suit in which the judgment had been rendered. . . . "

See, also, *Rodriguez* v. *Sims,* 18 Ariz. 74, 156 Pac. 94; *Ex parte Silvas,* 16 Ariz. 41, 140 Pac. 988.

On the record in this case, defendant's remedy, if any, was by appeal, not by *habeas corpus.*

The order of the superior court of Maricopa county is reversed, and the case remanded, with instructions to deny the petition.

ROSS, C. J., and McALISTER, J., concur.