[Criminal No. 846.   Filed February 23, 1937.]

[65 Pac. (2d) 32.]

FRANK RILEY, Appellant, v. STATE OF ARIZONA, Respondent.

Messrs. Favour & Baker, Mr. A. M. Crawford, and Mr. Charles P. Elmer, for Appellant.

Mr. Joe Conway, Attorney General, Mr. W. E. Polley, and Mr. Jack Choisser, Assistants Attorney General, for Respondent.

LOCKWOOD, J.—This is an appeal from an order of the superior court of Mohave county, denying the application of Frank Riley, hereinafter called defendant, for a transcript of the reporter's notes, under the provisions of section 5141, Revised Code of 1928. The

facts of the case, so far as necessary for a determination of this appeal, are not in dispute and may be stated as follows: Defendant was convicted of the offense of assault with a deadly weapon on February 29, 1936, and was duly sentenced under the verdict. Notice of appeal was served and filed in a timely manner, and defendant, being advised by counsel he had a good ground of appeal, made an affidavit pursuant to section 5141, *supra,* that he was unable to pay the costs of the transcript of the evidence, and asked that it be furnished at the expense of the county, as provided by said section. The county attorney demanded an examination of the defendant as to his ability to pay the cost, which was held before the court, and an order was made in the following language:

"The court orders that Defendant's request for the record of this case, including a transcript of the evidence, to be sent to the Clerk of the Supreme Court at the expense of Mohave County, is denied."

Following said order, the clerk of the court refused to transmit the record unless the costs provided by statute for certifying thereto were paid. Defendant applied to this court for a writ of *mandamus,* compelling the clerk to transmit the record as it stood, and we held in the case of *Riley* v. *Cornwall,* 48 Ariz. 10, 58 Pac. (2d) 749, that the clerk was not authorized, under the circumstances, to send up the record either in whole or in part until the costs were taken care of either by payment or under section 5141, *supra.* In some manner defendant secured sufficient funds to pay for the cost of bringing up enough of the record to enable this court to pass upon the validity of the order of the court denying his request for the record at the expense of the county, and the matter is now before us on a direct appeal from such order.

There is but one question for our consideration, and that is whether the trial court erred in denying defendant's request for a transcript of the evidence and record at the expense of the county. In considering this question, it must always be remembered that while every defendant against a criminal charge is entitled as a matter of right, and not of grace, to a hearing held according to law in a court of competent jurisdiction upon the question of his guilt or innocence, after he has been found guilty in such a court, an appeal is not a matter of right but of grace, given to the defendant by an organic or statutory law, and if the defendant desires to exercise that privilege he must do so in the time and in the manner fixed by law. *Villalobo* v. *State,* 17 Ariz. 261, 151 Pac. 946; *State* v. *Superior Court,* 25 Ariz. 226, 215 Pac. 538. For this reason, a defendant appealing may not question the justice of any of the provisions regulating the right of appeal. He must take them "as is" and must perfect his appeal in the manner provided thereby or not at all, unless it appears they violate some specific constitutional right.

The legislature has granted the privilege of an appeal to this court to practically all defendants who have been convicted in a proceeding initiated in a superior court, and even to some where the proceeding commenced in lower tribunals, but it has surrounded this right with certain limitations. Under practically every system of appeal, the proceedings of the lower tribunal are reviewed on an examination of the record of that tribunal, and not by a hearing *de novo* in the appellate court, and such is the rule in Arizona. It is, therefore, necessary that a record of the proceedings in the lower court be provided, and that this record, or a properly authenticated copy thereof, be transmitted to the court for its consideration on an appeal. The legislature has, in its wisdom,

provided that the various public officials whose duty it is to prepare the record on appeal shall demand and must receive certain costs and fees for the preparation and transmission of such record (Rev. Code 1928, § 1461). This is mandatory, and any public officer who prepares such a record and transmits it without receipt of the fees provided by the statute is personally responsible to the county or state, as the case may be, for those fees. An appeal, then, ordinarily involves more or less expense to the appellant even in a criminal case. In this respect it differs from a trial on the merits in the lower court where the defendant, in a felony case at least, must be furnished with everything reasonably requisite for a full defense, regardless of whether he has a penny or can obtain any assistance from friends. Unless, therefore, the legislature has provided some exception to the rule, an indigent defendant cannot effectually appeal his case. That body, recognizing this fact, as a matter of grace adopted section 5141, which reads as follows:

"§ 5141. *Record, clerk must transmit; affidavit of inability to pay.* Upon appeal being taken to the supreme court, the clerk with whom the notice of appeal is filed must, within ten days thereafter, and if the appellant shall first make and file his affidavit in the case showing that he is without means, and wholly unable to pay therefor, then, without charge, transmit to the clerk of the supreme court a copy of the notice of appeal and of the record of the case, including a transcript of the evidence. The clerk of the supreme court must file the same and perform the same service as in civil cases without charge in case the appellant is unable to pay the same. The papers filed shall remain on record and not be remitted to the court below. At any time within five days after the filing of such affidavit, the county attorney may file a written demand that the defendant be examined touching the matters stated in the affidavit. The de-

fendant shall thereupon appear before the court at such a time as the court may fix and may be examined by the county attorney and the attorney for the defendant touching the ability of the defendant to pay for the transcript of the record and evidence and any other matters stated in the affidavit. If the court is satisfied from such examination that the defendant is unable to pay for the transcript of the record and evidence, it shall enter an order directing such transcript to be furnished at the expense of the county; if not so satisfied, the court shall enter an order directing that the county shall not pay for such transcript. In the absence of the judge of the superior court from the county the examination may be had before the court commissioner.''

It will be seen, therefore, that if a defendant is wholly unable to pay the necessary costs of sending up the record in a criminal appeal, the expense thereof must be borne by the county, but in order to protect the county against the costs of appeals by those who are able to provide in some manner the statutory fees, the final determination of the ultimate fact as to whether the defendant is in truth ''wholly unable to pay therefor'' is left to the sound discretion of the trial judge, and it is clear from the language of the statute that every presumption is against the defendant on this point, and the burden is upon him to satisfy the trial judge that he is wholly unable to pay for the costs of the record before the order is made.

In the present case, the judge has formally declared himself not satisfied with the showing made by the defendant, and unless it appears affirmatively from the record that his action was not based upon a reasonable exercise of discretion, but was arbitrary and capricious in its nature, we are bound by his conclusion upon this point.

We have before us the record of the proceedings in the superior court upon the application made under 5141, *supra.* The defendant testified in his own

behalf that he was wholly unable to pay the costs of the appeal; that he had practically no property and no money. On the other hand, it appeared affirmatively that he had friends who had employed counsel for his defense, who had gone on his bail bond prior to the original trial of the case, and that these friends had looked after his comfort while he was incarcerated, and were, if they were willing to do so, able to pay for the costs in question. We think this record was sufficient to justify the trial court in believing that rather than to see him fail in his appeal, he had friends who would come to his assistance with the necessary funds, even though he had nothing available of his own. Is this sufficient to sustain the action of the trial court as being based on a reasonable discretion and not arbitrary and capricious in its nature? The state of Oklahoma has a statute very similar to ours (Stats. Okl. 1931, § 3823) which provides that when the defendant has not the means to pay for the same "the court may in its discretion cause the transcript of the evidence to be paid for by the county," and the question of what is requisite under the statute in order that the county be compelled to pay for the transcript has often been before the courts of that state. *Moore* v. *State,* 33 Okl. Cr. 304, 243 Pac. 995; *Hutchins* v. *State,* 13 Okl. Cr. 717, 167 Pac. 338; *Jeffries* v. *State,* 9 Okl. Cr. 573, 132 Pac. 823; *Harris* v. *State,* 10 Okl. Cr. 417, 137 Pac. 365, 139 Pac. 846; *Brogdon* v. *State,* 38 Okl. Cr. 269, 260 Pac. 784. In the case last named, the court says:

"To be available, the error in denying a transcript of the record at the expense of the county, it must be clearly and affirmatively made to appear that a defendant seeking to have a transcript furnished at the expense of the county is without money or property, *and without relatives or friends who will assist him,* and for such reason is unable to pay for a transcript, and that his attorney cannot make up a case

made from memory. If such showing is made, the court should order the transcript at the expense of the county.'' (Italics ours.)

Since it does not appear clearly and affirmatively by the record in this case that the defendant did not have friends who were willing to assist him, we cannot say that the trial court abused its discretion in denying the transcript.

The order appealed from is affirmed.

McALISTER, C. J., and ROSS, J., concur.