348 P.2d 554

**STATE of Arizona, Appellee,**

v.

**Joe VALLEJOS, Appellant.**

No. 1155.

Supreme Court of Arizona.

Jan. 20, 1960.

Catherine E. Mealey, Flagstaff, for appellant.

Wade Church, Atty. Gen., and Stirley Newell, Asst. Atty. Gen., for appellee.

UDALL, Justice.

This is an appeal, under A.R.S. § 13–1713(2), from "an order made after judgment affecting the substantial rights of the party." It challenges an order of the Superior Court of Coconino County denying the application of Joe Vallejos, hereinafter called defendant, for a free stenographic transcript of the reporter's notes under the provisions of A.R.S. § 13–1714.

The facts of the case, so far as necessary for a determination of this appeal, are not in dispute and may be stated as follows:

Defendant was convicted of the offense of possession and sale of narcotics on four separate counts, and was thereafter duly sentenced under the verdict. Notice of appeal was filed in a timely manner and defendant, being advised by counsel that he had good grounds for appeal, made an affidavit pursuant to Rules of Criminal Procedure, Rule 361, subd. B, 17 A.R.S., that he was unable to pay the costs of the transcript of the trial proceedings and moved that it be furnished at the expense of the county—as provided by Section 13–1714, supra.

A hearing was held on this motion, at which time defendant appeared and testified. At the hearing (a transcript of which was provided—compliments of the court reporter) these facts were adduced: Defendant had no job, no funds, and no property; following his arrest, defendant was released on a $5,000 bond signed by four friends and relatives and secured by certain property (mainly his mother's dwelling house, which was already encumbered by a mortgage); the only cash payment which had been made in connection with his defense was $200 in attorney's fees, the money for which was acquired from a finance company in the form of personal loans to defendant's aunt and brother-in-law; the cost of an appeal transcript was estimated at $800, more or less; defendant had tried without success to borrow the necessary money from friends and relatives.

At the conclusion of the hearing, the trial court denied defendant's motion. However, the court did attempt to bargain with defendant by offering to pay up to $200 from county funds, if the defendant could supply the remainder of the required amount. This appeal is concerned solely with the trial court's post conviction order in this matter.

Basic to this appeal are Rule 361, subd. B of the Rules of Criminal Procedure and A.R.S. § 13–1714. Rule 361, subd. B states:

(After setting out the hearing procedure) " * * * If the court is satisfied *that appellant is unable to pay for the record or reporter's transcript,* or both, it shall enter an order directing that the record or transcript, or both, be furnished at the expense of the county as provided by A.R.S. § 13–1714." (Emphasis supplied.)

A.R.S. § 13–1714 reads as follows:

"The expense of a certified copy of the record on appeal or of the reporter's transcript, or both, when appellant files an affidavit *that he is without means or wholly unable to pay for such copies,* and such affidavit is found true, shall be a charge upon the county

in which the appellant was convicted." (Emphasis supplied.)

Defendant's position may be briefly stated: it is conceded that he personally is without money or property; therefore, it necessarily follows that *he* is "wholly unable to pay" these costs; the statute is mandatory, allowing no exercise of discretion by the trial court once it has been determined that the defendant is "wholly unable to pay"; ergo, he is entitled to have these costs paid from county funds.

The State, on the other hand, challenges the conclusion that defendant is "wholly unable to pay" in the terms of the statute and rule. It urges that the burden is upon the party demanding such funds to make an affirmative showing of entitlement thereto, and that a requisite of such showing is proof not only that defendant is without funds, *but also that his friends and relatives are unable to meet the expense.* In support of this proposition, the State relies upon Riley v. State, 49 Ariz. 123, 65 P.2d 32. The State contends that this burden of proof—in regard to friends and relatives—was not borne by defendant, and that therefore the trial court did not err.

It is true that in the Riley case, supra (decided in 1937), this Court upheld a trial court's denial of county funds in a similar situation. The Court properly held that no convicted defendant was entitled to a free transcript at the county's expense as a matter of right, but rather it was incumbent upon each applicant therefor to make an affirmative showing that he was indigent and thus came within the terms and intent of the statute. However, the Court went on to say:

" * * * The defendant testified in his own behalf that he was wholly unable to pay the costs of the appeal; that he had practically no property and no money. On the other hand, it appeared affirmatively that he had friends who had employed counsel for his defense, who had gone on his bail bond prior to the original trial of the case, and *that these friends had looked after his comfort while he was incarcerated, and were, if they were willing to do so, able to pay for the costs in question.* We think this record was sufficient to justify the trial court in believing that rather than to see him fail in his appeal, *he had friends who would come to his assistance with the necessary funds, even though he had nothing available of his own.* * * *

*"Since it does not appear clearly and affirmatively by the record in this case that the defendant did not have friends who were willing to assist him,* we cannot say that the trial court abused its discretion in denying the transcript." 49 Ariz. at pages 128–130, 65 P.2d at page 34. (Emphasis supplied.)

Several Oklahoma decisions were cited as authority for including therein "relatives and friends".

▮ In the case now before us it is conceded by the defendant that the burden is upon him to prove his indigence. However, he contends he should not also be required to prove affirmatively that his friends and relatives are also impecunious. Since they have no legal obligation to support his appeal, the argument goes, their wealth—or lack of it—is not relevant to the question of whether *he* is "wholly unable to pay" the necessary costs.

▮ While the Riley decision, supra, used the word "grace" in referring to the right of appeal, it is recognized therein that in this jurisdiction such right is one given litigants by statute, and exists only by force of statute. Furthermore, that in order to exercise that right a party must bring himself within the conditions prescribed by the statute conferring the right, otherwise he has no right of appeal. See, Barth v. County of Apache, 18 Ariz. 439, 162 P. 62; Him Poy Lim v. Duncan, 65 Ariz. 370, 181 P.2d 357; State v. Phelps, 67 Ariz. 215, 193 P.2d 921. Where, as here, an appellate procedure is created by statute, the opportunity to avail oneself of that procedure may not be arbitrarily or capriciously withheld. Cf. Davis v. Campbell, 24 Ariz. 77, 206 P. 1078.

It is apparent from the above-quoted language of the Riley case that strict application of the rule laid down therein could effectively preclude any appeal by a convicted defendant who is personally without funds and whose friends and relatives—though able—are unwilling to come to his aid. The question now before us then, is whether—in the light of later developments in the law—the full import of the Riley case can stand.

▮ The law in regard to the *right* to an appeal from conviction in criminal cases has been profoundly affected by recent pronouncements of the Supreme Court of the United States. See Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and Burns v. State of Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209; see also comments on the Griffin decision by retired Justice Qua, of Massachusetts, and others in 25 U. of Chi. Law Rev. 143. One point, at least, is made crystal clear in these decisions, i. e., in criminal cases the availability of the appellate procedure to the individual defendant may not be denied on the basis of discriminatory economic distinctions. For, as stated by Justice Qua in his comments, supra:

"* * * If a state provides for appellate review it cannot lay down a procedure that requires the payment of

money which indigent persons may be unable to pay, unless it provides an alternative that affords an adequate and effective review to such persons." (p. 146)

 The question before us, then, is no longer that which the Court faced in Riley v. State, supra, i. e., whether the statute justified the trial court's exercise of its discretion in denying county funds to pay the transcript costs. The precise question now is whether, under the quasi-constitutional principle newly spelled out in the Griffin and Burns cases, the court below was correct in conditioning defendant's right to the county's payment of the transcript cost upon an additional showing of the inability of his friends and relatives to pay the costs.

In the Griffin and Burns cases, supra, the Supreme Court of the United States has held that the concepts of due process and equal protection of the law, under the Fourteenth Amendment, require that a defendant in a criminal case be allowed access to the appellate courts in spite of his inability to meet the costs which ordinarily attend such an appeal. We hold that the rule set out in Riley v. State, supra—insofar as it denies the benefits of A.R.S. § 13-1714 to those whose friends or relatives, though not legally responsible, are able to pay for the appeal—is contrary to the spirit of the new pronouncements by our highest court. To that extent, the Riley decision is overruled.

Order set aside with directions that record and transcript of testimony be furnished at the expense of Coconino County.

STRUCKMEYER, C. J., and PHELPS, JOHNSON and BERNSTEIN, JJ., concur.