637 P.2d 310

Jerry L. MORGER and Frances Morger, Petitioners,

v.

SUPERIOR COURT OF the State of Arizona, In and For the COUNTY OF PIMA, and Judge Lillian S. Fisher, and the State of Arizona Department of Economic Security, real party in interest, Respondents.

No. 2 CA-CIV 4133.

Court of Appeals of Arizona, Division 2.

Nov. 25, 1981.

---

Little, Fisher, Brady, Bromley & Siegel by Kathleen C. Roberts, Tucson, for petitioners.

Stephen D. Neely, Pima County Atty. by Paula G. Davidon, Deputy County Atty., Tucson, for respondent Judge.

## OPINION

HOWARD, Judge.

Petitioners have brought this special action to challenge the respondent court's finding of non-indigency which bars them from receiving court-appointed counsel to handle their appeal in the severance case of Pima County Cause No. S-828. Since this order is non-appealable, and since we believe the court acted in excess of its jurisdiction and in an arbitrary manner, we assume jurisdiction and grant relief.

Petitioners are the natural parents of a child whose relationship with them was severed in the lower court case. Subsequent to the hearing on the merits below, the respondent court, on its own motion, ordered a hearing on the matter of indigency of the parents. They did not receive notice prior to the hearing and were not present at the hearing which was set July 2, 1981. The juvenile court gave leave to their attorney, who had been appointed to handle the lower court litigation,[1] to submit additional documentary evidence in support of their indigency which evidence was submitted at the time the motion for rehearing was heard on August 5. After that hearing, the court concluded that indigency had not been established. A.R.S. § 8-236(D) requires the appointment of an attorney for an indigent party who is appealing a final order of the juvenile court.

Factors ordinarily to be considered in determining indigency are ready availability of (1) real or personal property owned; (2) employment benefits; (3) pensions, annuities, social security and unemployment compensation; (4) inheritances; (5) number of dependents; (6) outstanding debts; (7) seriousness of the charge; and (8) any other valuable resources not previously mentioned. *Bolds v. Bennett*, 159 N.W.2d 425 (Iowa 1968). "Ready availability" means real or personal property of such nature and net value that would be accepted as a fee by a qualified attorney of petitioner's choice who is willing to serve. *State v. Bennett*, supra.

Affidavits concerning the financial circumstances of the petitioners show that their sole income is the wife's social

1. Pursuant to an order of June 24, 1981, the appointment of counsel in the lower court proceedings was made subject to a later hearing to determine indigency.

**510**

security disability benefits and that she is a ward of the Pima County Public Fiduciary. A copy of the last annual accounting from September 1980 shows that the petitioner-wife does own a piece of real property in Tucson, with the value of approximately $18,000 and a few hundred dollars in a trust savings account. A more recent affidavit of the assets of the estate shows that the wife's monthly social security benefit is $344.30 and the trust then had approximately $1,400 in it. However, the affidavit of the deputy public fiduciary showed that the debts of the estate consisted of a court-approved administrative fee of $1,555.70 owed to the public fiduciary, as well as monthly utility bills and a bus pass then owing. The affidavit of the petitioner-husband shows the following: (1) He owns no real estate and no personal property with the market value greater than $150; (2) he has no regular income and is disabled; (3) his only source of income is the money which he receives from his wife; and (4) he receives services from the Pima County Mental Health Department because he is financially indigent as determined by the standards of the Pima County Health Department.

It is clear that Mr. Morger is indigent and an attorney should be appointed to represent him. However, we cannot say the respondent judge abused her discretion in refusing to declare Mrs. Morger an indigent. The land she owns is worth approximately $18,000. There is no evidence that she could not find a qualified attorney who would be willing to make some financial arrangement with her based upon her ownership of unencumbered land.

The respondent court is ordered to appoint appellate counsel for petitioner Jerry L. Morger and the relief requested by petitioner Frances Morger is denied.

HATHAWAY, Chief Judge, and BIRDSALL, J., concur.