943 F.2d 249
 Bankr. L. Rep. P 74,246, Bankr. L. Rep. P 74,295
In the Matter of New York Stock Exchange ARBITRATION BETWEEN
Marco BARBIER; Silvana Barbier and Stefania
Barbier, Petitioners-Appellees,
and
SHEARSON LEHMAN HUTTON INC., Successor-in-interest to
Shearson Lehman Brothers, Inc.; and Roger E.
Bendelac, Respondents,
Roger E. Bendelac, Respondent-Appellant.
 No. 1420, Docket 91-7070.
 United States Court of Appeals,
Second Circuit.
 Argued May 10, 1991.
Decided Sept. 3, 1991.
 
 Roger E. Bendelac, New York City, pro se.
 Daniel J. Kornstein, New York City (Wayne O. Alpern, Kornstein Viesz & Wexler, of counsel), for petitioners-appellees.
 William J. Fitzpatrick, New York City (Gerald J. Quinn, of counsel), submitted a brief, for amicus curiae the Securities Industry Ass'n, Inc.
 Stuart C. Goldberg, Danbury, Conn. (Seth E. Lipner, of counsel), submitted a brief, for amicus curiae the Public Investors Arbitration Bar Ass'n.
 Before PRATT, MINER and ALTIMARI, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment entered in the United States District Court for the Southern District of New York (Ward, J.) 752 F.Supp. 151, confirming an award of compensatory and punitive damages on claims of unauthorized trading against respondent, Shearson Lehman Hutton, Inc., as successor in interest to Shearson Lehman Brothers, Inc., and respondent-appellant, Roger E. Bendelac. The arbitration proceedings arose out of a dispute involving accounts maintained by Marco Barbier, Silvana Barbier and Stefania Barbier, petitioners-appellees, with the brokerage house of Shearson Lehman Hutton, Inc. After this court heard oral argument on May 10, 1991, Bendelac filed on May 13, 1991 a bankruptcy petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701-766 (1988), in the United States Bankruptcy Court for the Southern District of New York (No. 91-B-12159). On June 10, 1991, counsel for the Barbiers, in a letter to the Clerk of the Court, advised that Bendelac had filed the bankruptcy petition. The letter included the following: "In view of the automatic bankruptcy stay, and the pro se status of [Bendelac], we [counsel] thought it best to bring this information to the attention of the Court for whatever action is deemed appropriate." Attached to the letter was an affidavit sworn to by Bendelac informing the district court of the filing of the bankruptcy petition and requesting that "all post-judgment proceedings" in the district court be stayed pursuant to the automatic stay provisions of the Bankruptcy Code. See 11 U.S.C. § 362(a)(1) (1988).
 
 
 2
 Under 11 U.S.C. § 362(a)(1), the filing of a petition in bankruptcy operates as a stay of the "continuation ... of a judicial ... proceeding against the debtor that was ... commenced before the commencement of the [bankruptcy proceeding]." See also In re Tampa Chain Co., 835 F.2d 54, 55 (2d Cir.1987) (per curiam). We already have noted that "[a]n appeal is indisputably a continuation of a judicial action or proceeding." Commerzanstalt v. Telewide Sys., Inc., 790 F.2d 206, 207 (2d Cir.1986) (per curiam). Therefore, the filing of the bankruptcy petition on May 13, 1991 automatically stayed this appeal, since the appeal arises from an action brought to confirm an arbitration award "against the debtor." See id. ("whether an action is 'against the debtor' is determined by examining the debtor's status at the time proceedings were initiated, and not by looking to which party has appealed."); Cathey v. Johns-Manville Sales Corp., 711 F.2d 60, 61-62 (6th Cir.1983) (same). Relief from the effect of the automatic stay provisions may be granted only by the bankruptcy court. See 11 U.S.C. § 362(d) and (f). It is therefore
 
 
 3
 ORDERED that pursuant to 11 U.S.C. § 362 all proceedings in this court hereby are stayed. The parties are directed to inform the court if and when the bankruptcy court grants relief from the automatic stay provisions or when the automatic stay lapses. We will release our decision at that time if the dispute has not been resolved or rendered moot by the bankruptcy proceedings.