### KNUTSON MORTGAGE CORPORATION *v.* MIHALY J. SALATA ET AL.
### (AC 19732)

Lavery, Landau and Hennessy, Js.

Considered September 8—officially released November 23, 1999

*Keith K. Fuller,* in support of the motion.

*Opinion*

HENNESSY, J. The defendant Helen Salata[1] appeals from the judgment confirming a mortgage foreclosure sale following the denial of her motion to reargue the confirmation. The plaintiff, Knutson Mortgage Corporation, has moved to dismiss the defendant's appeal as untimely.[2] We hold that the filing of a bankruptcy petition by the defendant during the appeal period following the confirmation of the foreclosure sale tolled the appeal period and extended the time for filing her motion to reargue. Therefore, we deny the portion of the plaintiff's motion to dismiss that challenges the timeliness of this appeal.

---

[1] The defendant Helen Salata owned the property subject to this foreclosure action with the named defendant. Only Helen Salata has appealed. We refer in this opinion to Helen Salata as the defendant.

[2] The plaintiff also argued that the defendant's appeal should be dismissed as frivolous and as taken solely for delay. We hold that the defendant has presented a good faith argument that the trial court should not have confirmed the sale under the circumstances of this case; therefore, the criteria of *Texaco* v. *Golart,* 206 Conn. 454, 463–64, 538 A.2d 1017 (1988), for dismissal of an appeal as frivolous have not been met. We therefore deny the motion to dismiss on that basis as well.

The underlying action to foreclose a $35,600 mortgage on property owned by the defendants, Mihaly J. Salata and Helen Salata, began in 1996. Pursuant to a stipulation of the parties, a judgment of foreclosure by sale entered on November 19, 1997. The sale was set for May 2, 1998. The defendant filed for bankruptcy protection on April 28, 1998, thus staying the sale. The plaintiff obtained relief from the bankruptcy stay on July 21, 1998, thereby allowing the foreclosure to proceed.

On November 16, 1998, the trial court rendered a judgment of foreclosure by sale, finding the debt to be $41,790, the appraised fair market value of the property to be $105,000, and set the sale date. The sale took place on January 16, 1999. The highest bid was $58,000. The committee for sale moved for approval of its report and expenses, the committee deed and confirmation of the sale. These motions were granted on February 8, 1999. On February 26, 1999, the defendant filed her second bankruptcy petition.

On May 17, 1999, the plaintiff obtained relief from the bankruptcy stay. On May 18, 1999, the defendant filed a motion to reargue the confirmation of the foreclosure sale. The motion to reargue was denied on May 24, 1999. Notice of the denial issued on June 2, 1999. The defendant filed this appeal on June 22, 1999, challenging the confirmation of the sale and the denial of her motion to reargue.

Of the preceding facts, those most relevant to this appeal are as follows. The foreclosure sale was confirmed by the trial court on February 8, 1999. During the twenty day appeal period from that decision, the defendant filed her bankruptcy petition.[3] The day after

---

[3] Practice Book § 63-1 (a) provides in relevant part: "Except where a different time is provided by statute, a party shall have twenty days from the commencement of the appeal period as set forth in this subsection to file an appeal . . . ."

the lifting of the bankruptcy stay, the defendant filed her motion to reargue the confirmation of the sale. This appeal was filed within twenty days of the denial of her motion to reargue.

Practice Book § 63-1 (b) provides in relevant part: "If within the appeal period, including any extension thereof . . . any party files any motion, which, if granted, would render the judgment or decision appealed from ineffective, a new appeal period shall commence upon the issuance of notice of the decision on the last such outstanding motion. Motions that would render the judgment or decision ineffective include . . . motions to reargue . . . ." The issue presented in this case is whether the defendant's second bankruptcy filing tolled the appeal period so that her motion to reargue was timely filed and a new appeal period began upon disposition of her motion to reargue.

The filing of a petition in bankruptcy operates as a stay of "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case. . . ." 11 U.S.C. § 362 (a) (1). The Bankruptcy Court, in considering the plaintiff's motion for relief from the automatic stay of § 362, held that "the automatic stay imposed by § 362 (a) of the Bankruptcy Code, triggered by the filing of the debtor's bankruptcy petition, suspended the deadline in the movant's foreclosure action for filing the appeal, thereby extending the state stay of execution." The Bankruptcy Court also held that "relief from the automatic stay is granted so that the time permitted under state law for filing an appeal may resume . . . ."

Our Supreme Court has noted that "[t]he decisions of the federal circuit in which a state court is located are entitled to great weight in the interpretation of a federal statute." (Internal quotation marks omitted.)

*Thomas* v. *West Haven*, 249 Conn. 385, 392, 734 A.2d 535 (1999). In *Koolik* v. *Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994), the United States Court of Appeals for the Second Circuit found that the automatic stay of 11 U.S.C. § 362 (a) (1) is applicable to proceedings against the debtor, but that determination of whether an action or proceeding is "against" the debtor is made by considering the posture of the parties at the commencement of the action or proceeding, not by which party has initiated the appeal. In *In the Matter of Barbier & Shearson Lehman Hutton*, 943 F.2d 249, 250 (2d Cir. 1991), the Second Circuit held that an appeal is indisputably a continuation of a judicial action or proceeding. Thus, the filing of an appeal or motion to reargue by any party in this case was prohibited by the § 362 stay and the appeal period could not run. In *Citicorp Mortgage, Inc.* v. *Mehta*, 39 Conn. App. 822, 830, 668 A.2d 729 (1995), we noted that § 362 of the Bankruptcy Code stays any and all postpetition filing, and that any filing constitutes an act directed toward the disposition of the case in violation of the automatic stay. We now hold that the defendant's filing of her bankruptcy petition during the twenty day appeal period from the judgment confirming the sale stayed the appeal period. We further hold that her motion to reargue, filed one day after the termination of the § 362 stay, was timely filed. Her appeal filed within twenty days after the denial of her motion to reargue was timely pursuant to Practice Book § 63-1 (b).

The motion to dismiss is denied.[4]

In this opinion the other judges concurred.

---

[4] The plaintiff also raised other grounds for dismissal of the appeal in its motion to dismiss. We find them unavailing and deny the remainder of the motion to dismiss.