PER CURIAM.
Lester Johnson appeals from a trial court order dismissing his civil action for failure to pay the required filing fee. We affirm.
On March 31, 2000, Lester Johnson filed an action for breach of contract, fraud and negligence against Thomas Burns. Along with the complaint, Johnson filed a motion for waiver of prepayment of court costs and fees for indigent prisoners, pursuant to section 57.085, Florida Statutes (1999). In his financial affidavit, Johnson indicated that he did not have a monthly income, did not receive money from any source and did not have any assets. On May 4, 2000, the trial court filed a docketing order informing Johnson that he had not complied with section 57.085, Florida Statutes (1999), because the affidavit did not contain legally sufficient information concerning his prior litigation history.
On June 7, 2000, Johnson filed a subsequent motion for waiver of prepayment of court costs and fees due to indigency, providing that he was not employed and had no assets. He also indicated that in the preceding three years he has been *346 adjudicated indigent under section 57.085, Florida Statutes, certified indigent under section 57.081, Florida Statutes, or authorized to proceed as indigent by the federal courts, under 28 U.S.C.1915. The record includes a printout of Johnson’s “Inmate Account Information” at Avon Park Correctional Institution. The printout indicates an initial deposit of $59.77, an additional deposit of $319.66, various withdrawals and a balance of $89.16 on May 25, 2000.
On June 26, 2000, the trial court summarily denied Johnson’s request for waiver of prepayment of court costs and fees due to indigency. On October 25, 2000, the trial court entered an order dismissing his cause of action for failure to pay the required filing fee of $95.00.
Section 57.085, Florida Statutes (1999), applies to indigent prisoners seeking a waiver of prepayment of court costs and fees. Section 57.085 provides in pertinent part:
(1) For the purposes of this section, the term “prisoner” means a person who has been convicted of a crime and is incarcerated for that crime or who is being held in custody pending extradition or sentencing.
(2) When a prisoner who is intervening in or initiating a judicial proceeding seeks waiver of prepayment of court costs and fees because of indigency, the prisoner must file an affidavit of indigen-cy with the appropriate clerk of the court. The affidavit must contain complete information about the prisoner’s identity; the nature and amount of the prisoner’s income; all real property owned by the prisoner; all tangible and intangible property worth more than $100 which is owned by the prisoner; the amount of cash held by the prisoner; the balance of any checking, savings, or money market account held by the prisoner; the prisoner’s dependents, including their names and ages; the prisoner’s debts, including the name of each debtor and the amount owed to each debtor; and the prisoner’s monthly expenses. The prisoner must certify in the affidavit whether the prisoner has been adjudicated indigent under this section, certified indigent under s. 57.081, or authorized to proceed as an indigent under 28 U.S.C. s.1915 by a federal court. The prisoner must attach to the affidavit a photocopy of the prisoner’s trust account records for the preceding 6 months or for the length of the prisoner’s incarceration, whichever period is shorter. The affidavit must contain the following statements: “I am unable to pay court costs and fees. Under penalty of perjury, I swear or affirm that all statements in this affidavit are true and complete.”
(3) Before a prisoner may receive a waiver of prepayment of any court costs and fees for an action brought under this section, the court must review the affidavit of indigency and adjudicate the prisoner indigent.
(4) When a court adjudicates a prisoner indigent but concludes, from the affidavit of indigency or other information, that the prisoner is able to pay part of the court costs and fees required by law, the court shall order the prisoner to make, prior to service of process, an initial partial payment of those court costs and fees. The initial partial payment must total at least 20 percent of the average monthly balance of the prisoner’s trust account for the preceding 6 months or for the length of the prisoner’s incarceration, whichever period is shorter.
(5) When a court adjudicates a prisoner indigent under this section, the court shall order the prisoner to make monthly payments of no less than 20 percent *347 of the balance of the prisoner’s trust account as payment of court costs and fees. When a court orders such payment, the Department of Corrections or the local detention facility shall place a hen on the inmate’s trust account for the full amount of the court costs and fees, and shall withdraw money maintained in that trust account and forward the money, when the balance exceeds $10, to the appropriate clerk of the court until the prisoner’s court costs and fees are paid in full.
[[Image here]]
(7) A prisoner who has twice in the preceding 3 years been adjudicated indigent under this section, certified indigent under s. 57.081, or authorized to proceed as an indigent under 28 U.S.C. s.1915 by a federal court may not be adjudicated indigent to pursue a new suit, action, claim, proceeding, or appeal without first obtaining leave of court. In a request for leave of court, the prisoner must provide a complete listing of each suit, action, claim, proceeding, or appeal brought by the prisoner or intervened in by the prisoner in any court or other adjudicatory forum in the preceding 5 years. The prisoner must attach to a request for leave of court a copy of each complaint, petition, or other document purporting to commence a lawsuit and a record of disposition of the proceeding.
(Emphasis added).
The record indicates that Johnson is a prisoner and he did file an affidavit containing the information required by section 57.085(2). However, Johnson did not provide a list of each suit, action, claim, proceeding, or appeal filed in any court or other adjudicatory forum in the preceding five years, as required by section 57.085(7).
Although the supreme court has declared the copy requirement in section 57.085(7) unconstitutional, it has not held the prior litigation listing requirement unconstitutional. See Jackson v. Fla. Dep’t of Corrs., 790 So.2d 381 (Fla.2000); Mitchell v. Moore, 786 So.2d 521 (Fla.2001).
An indigent prisoner is one who does not have sufficient funds to pay in full for a lawsuit upon filing. See Geffken v. Strickler, 778 So.2d 975, 976 (Fla.2001). Johnson’s account information indicates that at the time that he filed his civil action he had a balance of $89.16, less than the required $95 filing fee, rendering him indigent.
However, the trial court did not abuse its discretion when it denied Johnson’s request for waiver of prepayment of court costs and fees due to indigency and subsequently dismissed his cause of action, because Johnson failed to comply with the prior litigation listing requirement in section 57.085(7).
AFFIRMED.
GUNTHER, KLEIN and HAZOURI, JJ., concur.