# IN RE JEISEAN M.*

Lavery, C. J., and Foti, Mihalakos, Pellegrino, Dranginis,
Flynn, Bishop and West, Js.

Argued September 11—officially released December 24, 2002

* In accordance with the spirit and intent of General Statutes § 46b-142
(b) and Practice Book § 79-3, the names of the parties involved in this appeal
are not disclosed. The records and papers of this case shall be open for
inspection only to persons having a proper interest therein and upon order
of the Appellate Court.

*William S. Bingham,* in support of the motion.

*Michael J. Besso,* assistant attorney general, in opposition.

BISHOP, J. In this termination of parental rights proceeding, the respondent mother[1] has filed a motion for review[2] seeking reversal of the decision of a Superior Court judge denying her application for a waiver of fees, costs and expenses to pursue an appeal. We grant the respondent's motion for review and grant the relief requested therein.

The following facts and procedural history are relevant to our consideration of the respondent's motion. The respondent and John Doe[3] are the parents of Jeisean, who was born on December 3, 1999. The child was placed with the department of children and families in March, 2000.

On June 20, 2000, the child was adjudicated neglected on the grounds that he was uncared for and required specialized care following the respondent's plea of nolo contendere. The court then approved specific steps for the respondent's rehabilitation so that reunification with the child could take place. On May 17, 2001, the court, *Swienton, J.,* found that further efforts at reunification were not appropriate.

---

[1] We refer to the mother as the respondent throughout this opinion.

[2] Pursuant to Practice Book § 63-6, "[t]he sole remedy of any party desiring the court to review an order concerning the waiver of fees, costs and security shall be by motion for review under Section 66-6."

Practice Book § 66-6 provides in relevant part: "The court may, on written motion for review stating the grounds for the relief sought, modify or vacate any order made by the trial court . . . relating to the . . . procedure of prosecuting or defending against an appeal . . . ."

[3] The respondent has not identified the child's father, and no one has acknowledged paternity. John Doe's parental rights were terminated. No appeal was taken from that decision.

The petitioner, the commissioner of the department of children and families, thereafter sought to terminate the respondent's parental rights due to her alleged failure to achieve sufficient personal rehabilitation. The court, *Dannehy, J.*, found that the respondent had failed to achieve the degree of personal rehabilitation required under the applicable statutory provisions, and terminated the respondent's parental rights.

The respondent sought to appeal from the court's termination of her parental rights, and filed an application for relief from payment of the fees, costs and expenses associated with the appeal. In her application, the respondent alleged that she was indigent. She wanted to challenge the constitutionality of the termination statute in light of *Roth* v. *Weston*, 259 Conn. 202, 789 A.2d 431 (2002), and further claimed that there was insufficient evidence for a finding that it was in the best interest of the child to terminate her parental rights. She also claimed that there was insufficient evidence of her failure to achieve sufficient personal rehabilitation and that there might be other grounds for appeal that would manifest themselves after a review of the record by her counsel. The petitioner objected to the respondent's application.

The court, *Keller, J.*, denied the respondent's application for a waiver of fees, finding that she was indigent, but that her proposed appeal was without merit.[4] The court noted that in determining whether the proposed appeal had merit, it had heard argument on two occasions, and had reviewed the contents of the court file,

---

[4] We note that Judge Keller was not the trial judge. Because we hold that a court faced with an application made pursuant to Practice Book § 63-6 may not include a consideration of the merits of an appeal in its determination whether to waive fees, costs and expenses, we need not address whether it is more appropriate for the trial judge or an administrative judge to make a determination pursuant to Practice Book § 63-6.

the exhibits, the transcripts and the detailed memorandum in support of the trial court's decision.

The respondent filed a timely motion for review of the denial of her application for a waiver of fees. She argues that the trial court should not have determined whether her appeal had merit at that preliminary stage of the appellate process when she had not received the trial transcript and when counsel has been unable to review the case completely. She also argues that her proposed issues for appeal have merit.

In response, the petitioner argues that the language of Practice Book § 63-6 is permissive, not mandatory, and that accordingly, in the exercise of its discretion, the court could reasonably consider the merits of a proposed appeal in ruling on an application brought under that section. We agree with the respondent and hold that the trial court may not consider the relative merits of a proposed appeal when acting on an application for waiver of fees filed pursuant to Practice Book § 63-6 by a parent in a termination of parental rights proceeding.

We are aware that trial courts, in prior termination of parental rights cases, have interpreted the "entitled to appeal" requirement of Practice Book § 63-6 as permitting an assessment of the merits of the proposed appeal in deciding applications for fee waivers. See *In re Rayshawn P.*, Superior Court, Juvenile Matters at Hartford (January 29, 2001); *In re Sheena I.*, Superior Court, Child Protection Session at Middletown, Docket Nos. FO4-96-003792A and FO4-003794A (September 7, 2000). Review of the denial of the applications in those cases was not sought. This is the first time the issue of the reasonable parameters of the court's discretion in determining an application brought pursuant to Practice Book § 63-6 in a termination of parental rights proceeding has been fully briefed and argued before this

court. The respondent has specifically raised the argument that the trial court does not have the authority to decide whether an appeal has merit in making a determination on an application for a waiver of fees in a termination of parental rights case. Her motion presents this court with the first opportunity to consider directly the interplay between the appellate and Superior Court rules and the statutes regarding fee waivers and appointment of counsel in termination of parental rights cases, and to provide guidance to the trial courts in deciding such applications.

Our rules of statutory construction also apply to the rules of practice and our review of an issue of construction is plenary. *Connor* v. *Statewide Grievance Committee*, 260 Conn. 435, 438–39, 797 A.2d 1081 (2002). "When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Clements* v. *Jones*, 71 Conn. App. 688, 690, 803 A.2d 378 (2002).

In *M.L.B.* v. *S.L.J.*, 519 U.S. 102, 116–17, 117 S. Ct. 555, 136 L. Ed. 2d 473 (1996), the United States Supreme Court found that the "State's authority to sever permanently a parent-child bond, demands the close consideration the Court has long required when a family association so undeniably important is at stake." The court analogized the respondent in a termination of parental rights case to a defendant resisting criminal conviction and concluded that a state may not withhold from the respondent in a termination of parental rights case, "a record of sufficient completeness to permit proper [appellate] consideration of [her] claims." (Internal quotation marks omitted.) Id., 128. By analogy, we hold that the conclusion of the trial judge that an indigent's appeal is frivolous is an inadequate substitute for full appellate review in a termination of parental

rights case. See *Draper* v. *Washington*, 372 U.S. 487, 499, 83 S. Ct. 774, 9 L. Ed. 2d 899 (1963).

In making our determination in the present case, we have considered the interplay among statutes and the rules of practice giving an indigent parent the right to appeal and the right to counsel in a termination of parental rights case, and Practice Book § 63-6 relating to the waiver of costs, fees and expenses to appeal. Pursuant to General Statutes § 52-263: "Upon the trial of all matters of fact in any cause or action in the Superior Court . . . if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he may appeal to the court having jurisdiction from the final judgment of the court or of such judge . . . ." The respondent is aggrieved by the granting of the petition to terminate her parental rights, and there is an appealable final judgment in this case.

Because it is axiomatic that the separate provisions of the rules of practice should be read to be in harmony with one another; see *Farmington* v. *Dowling*, 22 Conn. App. 564, 566, 577 A.2d 1128, cert. denied, 216 Conn. 816, 580 A.2d 66 (1990); we believe that the right to counsel is a factor to be considered in assessing the reasonable parameters of a judge's discretion in ruling on an application filed under Practice Book § 63-6. Pursuant to Practice Book § 63-6, if a party in a civil case in which fees and costs may lawfully be waived is indigent and desires to appeal, that party may make a written application for relief from the payment of fees, costs and expenses. The rule provides in relevant part: "If the court is satisfied that the applicant is indigent and entitled to an appeal because of a statutory or constitutional right to court appointed counsel or allowing an indigent party to appeal without payment of fees, costs and expenses, the court may (1) waive payment by the applicant of fees specified by statute and of taxable

costs, and waive the requirement of Section 63-5 concerning the furnishing of security for costs upon appeal, and (2) order that the necessary expenses of prosecuting the appeal be paid by the state. . . ." Practice Book § 63-6.

This provision must be read in light of an indigent parent's right to counsel in a termination proceeding. In a termination of parental rights case, an indigent party is entitled to appointed counsel at trial and on appeal by statutory provision and the rules of the Superior Court. Pursuant to General Statutes § 45a-717 (b): "If a party [in a termination of parental rights action] appears without counsel, the court shall inform such party of the party's right to counsel and upon request, if he or she is unable to pay for counsel, shall appoint counsel to represent such party. . . ."

An appeal is a continuation of the underlying action. See *Knutson Mortgage Corp.* v. *Salata*, 55 Conn. App. 784, 788, 740 A.2d 918 (1999); see also *Hamilton* v. *New Haven*, 82 Conn. 208, 212, 73 A. 1 (1909). Pursuant to Practice Book § 34-1 (b), parties in juvenile matters may be represented by counsel in all proceedings, including appeals, and if they are unable to afford counsel, counsel will be appointed for them if they so request. If an indigent party in a juvenile matter wants to appeal, that party is entitled to appointed appellate counsel. If the party's appointed trial counsel determines that an appeal would lack merit, that counsel may move to withdraw, and new counsel will be appointed to review the case for purposes of appeal. Even if trial counsel and the second appointed counsel decline to pursue an appeal on behalf of the indigent party, if the party can find counsel who wants to represent him or her, the court can appoint that counsel.[5] Even if counsel believes

---

[5] Practice Book § 35-4 (b) provides: "If an indigent party wishes to appeal a final decision and if the trial counsel declines to represent the party because in counsel's professional opinion the appeal lacks merit, counsel shall file a timely motion to withdraw and to extend the time in which to

that there is no merit to an appeal, new counsel can be appointed and there is no implication in the rule that an appeal cannot be filed or that the filing of an appeal should be based on a determination of the merits of a proposed appeal.

Having been afforded the statutory right to counsel, the respondent also is entitled to the effective assistance of counsel. *State* v. *Anonymous*, 179 Conn. 155, 160, 425 A.2d 939 (1979); *In re Amanda A.*, 58 Conn. App. 451, 459, 755 A.2d 243 (2000). We conclude that to represent an indigent party in a termination of parental rights case effectively on appeal, or even to review meaningfully a matter to determine whether an appeal should be taken, court-appointed counsel must be able to obtain access to the portions of the trial transcript necessary for assessment and presentation of the proposed appellate issues. This view gives meaning to a parent's right to counsel. The right to counsel on appeal afforded by statute and by rule could too readily become illusory if we were to permit trial judges effectively to block counsel's access to the information necessary for counsel to evaluate properly whether an appeal should be advanced in the exercise of his or her professional responsibilities to the litigant and to the court.

Accordingly, we hold that in deciding an application for a waiver of fees, costs and expenses pursuant to Practice Book § 63-6 in a termination of parental rights proceeding, the factors to be weighed by the trial court

take an appeal. The judicial authority shall then forthwith appoint another attorney to review this record who, if willing to represent the party on appeal, will be appointed for this purpose. If the second attorney determines that there is no merit to an appeal, that attorney shall make this known to the judicial authority at the earliest possible moment, and the party will be informed by the clerk forthwith that the party has the balance of the extended time to appeal in which to secure counsel who, if qualified, may be appointed to represent the party on the appeal."

Effective January 1, 2003, Practice Book § 35-4 (b) is repealed, and this language is transferred to Practice Book § 35a-21 (b).

are limited to a consideration of whether the applicant has a statutory right of appeal pursuant to General Statutes § 52-263 and whether the applicant is indigent. Once the court has determined that there is a statutory right to appeal from a final judgment and that the applicant is indigent, the proposed issues for appeal are to be considered only to determine the extent to which a waiver of fees should be granted to enable the applicant adequately to pursue those issues on appeal.[6]

Practice Book § 63-6 requires that prior to incurring any expense in excess of $100, including the expense of obtaining a transcript of the necessary proceedings or testimony, counsel for the applicant shall obtain the permission of the judge who presided at the applicant's trial. The rule also provides that the judge shall authorize a transcript at state expense only of the portions of testimony or proceedings that may be pertinent to the issues on appeal. The court has the discretion to determine what expenses over $100 should be waived and may use the proposed issues to make that determination concerning the appropriateness of the anticipated fees, costs, and expenses.

We further hold that in deciding an application for a waiver of fees pursuant to Practice Book §63-6 in a termination of parental rights case, the trial court may review the financial circumstances of the applicant to determine indigency and may consider the proposed issues on appeal only in determining the extent to which fees or costs should be waived.

---

[6] If a party to the appeal believes that an appeal is frivolous, a proper motion seeking dismissal of the appeal as frivolous can be made pursuant to the provisions of Practice Book §§ 85-2 (5) and 85-3. Such motions may be scheduled on an expedited basis. See Practice Book §§ 60-1 and 60-3. Motions and appeals involving juvenile matters are particularly apt for application of the rules regarding expedited consideration. It is the policy of this court, moreover, to expedite consideration of juvenile matters. This court also may schedule a hearing if it determines sua sponte that an appeal may be frivolous.

The respondent's motion for review is granted, the denial of her application for a waiver of fees, costs and expenses is reversed and the matter is remanded with direction to grant the respondent's application for a waiver of fees, costs and expenses to appeal; however, the determination of the extent of transcript that should be provided to the respondent is left to the trial court's discretion such that that court shall ensure that the respondent is provided with a record of sufficient completeness to permit proper appellate consideration of her claims.[7]

In this opinion the other judges concurred.

---

[7] The state must furnish indigent defendants with a trial record adequate to allow meaningful review of their claims. *Draper* v. *Washington,* supra, 372 U.S. 499. However, "part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal and a State will not be required to expend its funds unnecessarily in such circumstances." (Internal quotation marks omitted.) *Mayer* v. *Chicago,* 404 U.S. 189, 194, 92 S. Ct. 410, 30 L. Ed. 2d 372 (1971).