IN THE COURT OF APPEALS
STATE OF ARIZONA

FILED BY CLERK

JUL 29 2009

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| ANANT KUMAR TRIPATI, | ) | |
| | ) | 2 CA-CV 2008-0148 |
| Plaintiff/Appellant, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| BYRON TUCKER; DIANA BULLOCK; REGINA TOLANO MARTINEZ; JAMES ARNOLD; CARL TOERSBIJNS; JOHN ONTIVEROS; MICHELLE HANLEY; VICTOR RUBOYANES; DENISE CLEMENTE; ROBERT E. WALDRON, JR.; FRANCIS THEODORE GRIFFITH; and NANCY MARLETTE, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants/Appellees. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause Nos. CV200602122, CV200602123, CV200602124, and CV200602125
(Consolidated)

Honorable William J. O'Neil, Judge

AFFIRMED

Anant Kumar Tripati                                                                              Tucson
                                                                                   In Propria Persona


Terry Goddard, Arizona Attorney General
  By Michele L. Forney                                                                          Phoenix
                                                            Attorneys for Defendants/Appellees


E S P I N O S A, Presiding Judge.

**¶1** Anant Tripati appeals from the trial court's order dismissing with prejudice four consolidated tort actions Tripati had filed. The court ordered Tripati to pay the filing fees associated with those actions no later than August 1, 2008, and then dismissed the actions with prejudice after Tripati failed to do so. We affirm.

## Facts and Procedural History

**¶2** In 2006, Tripati, an inmate in the Arizona Department of Corrections (ADOC), filed four lawsuits against various ADOC personnel (the defendants). Claiming indigence, he successfully applied for deferrals of his filing fees pursuant to A.R.S. § 12-302(C) and (E). In 2007, the trial court consolidated the four cases and, on the defendants' motion, stayed the proceedings pending discovery regarding Tripati's ability to pay the filing fees. In 2008, the defendants formally challenged Tripati's claims of indigence and, over his objection, requested a hearing pursuant to § 12-302(G). That statute requires any party to a lawsuit to notify the court if there is a change in a purportedly indigent party's financial status that would enable the party to pay filing fees. On July 3, 2008, after conducting a hearing, the trial court effectively revoked Tripati's fee deferral and ordered him to pay all filing fees by August 1. When Tripati did not do so, the court dismissed his consolidated actions with prejudice, and Tripati timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(D).

2

**Discussion**

¶3       Tripati argues the trial court erred in revoking his previously granted fee deferral by misinterpreting § 12-302 and by erroneously concluding he is not indigent.[1] Whether the court properly interpreted the statute is a question of law that we review de novo. *See Sw. Airlines Co. v. Ariz. Dep't of Rev.*, 217 Ariz. 451, ¶ 6, 175 P.3d 700, 701 (App. 2008). But the determination of whether a party is indigent is a matter within the trial court's sound discretion. *See Knapp v. Hardy*, 111 Ariz. 107, 110, 523 P.2d 1308, 1311 (1974) (determination of indigency for purposes of entitlement to public defender reviewed for abuse of discretion); *Morger v. Superior Court*, 130 Ariz. 508, 510, 637 P.2d 310, 312 (App. 1981) (no abuse of court's discretion in finding parents not indigent for purposes of court-appointed counsel in severance action); *see also* Ariz. R. Crim. P. 6.4. Other states treat the issue the same way. *See, e.g., Baltayan v. Estate of Getemyan*, 110 Cal. Rptr. 2d 72, 77 (Cal. Ct. App. 2001) (waiver of filing fees for indigent committed to trial court's discretion); *In re Jeisean M.*, 812 A.2d 80, 84 (Conn. App. Ct. 2002) (same); *Johnson v. Burns*, 804 So. 2d 345, 347 (Fla. Dist. Ct. App. 2001) (same); *Wilson v. Koppy*, 653 N.W.2d 68, ¶ 9 (N.D. 2002) (same); *Guisinger v. Spier*, 853 N.E.2d 320, ¶ 7 (Ohio Ct. App. 2006) (same).

---

[1]Tripati also raises two issues that we do not address in this appeal. First, he claims the defendants' motivation for asking the court to revoke his fee deferral was to prevent Tripati from revealing the attorney general's use of false evidence. Second, he claims, "Judge O'Neil by his Order has Energized Tripati's Supporters to Cripple Arizona's Economy Due to Corrupt Judges." Because these are not legally cognizable assertions of errors this court could remedy, we disregard them.

3

¶4        Section 12-302(C) provides that a court shall grant an application for a fee deferral "if the applicant establishes by affidavit, including supporting documentation," that he or she is receiving benefits pursuant to an enumerated list of government programs, is receiving supplemental social security income, or "[h]as an income that is insufficient or barely sufficient to meet the daily essentials of life and . . . includes no allotment that could be budgeted for the fees and costs . . . required to gain access to the court." § 12-302(C)(1)-(3).  The statute provides that evidence of insufficient income may include a gross monthly income—which "includes the applicant's share of community property income"—that is below 150% of the current federal poverty level, § 12-302(c)(3)(a), and extraordinary expenses that would render insufficient an otherwise sufficient income.  *See* § 12-302(C)(3)(b).  Section 12-302(B) also requires the supreme court to "adopt forms and procedures for deferral or waiver of court fees and costs."  Tripati completed such a form pursuant to which the trial court initially granted his request.

¶5        Section 12-302(G) states that, once a deferral is granted, any party with knowledge of a change in an indigent party's circumstances "shall promptly notify the court."[2]  This section, however, is silent as to which party bears the burden of proof or

_____

[2]Tripati does not challenge the defendants' implicit assumption, which the trial court appeared to accept, that the alleged discovery of false or incomplete information on an affidavit constitutes a "change in . . . financial circumstances" warranting a hearing under § 12-302(G).  It would appear self-evident, however, that any significant income beyond the amount represented in the initial application is necessarily a change in the applicant's circumstances for purposes of determining indigency.  *Cf. Underkofler v. Underkofler*, 834 P.2d 1140, 1142 (Wyo. 1992) (discovery of undisclosed assets may constitute "change of circumstance" warranting modification of alimony award).

persuasion on the issue of indigency. *See id.* Tripati contends the trial court erred in accepting the defendants' argument that, once his claims were challenged, it became his burden to "prove that [he] has no income."

¶6 In interpreting a statutory provision, we read the statute as a whole, viewing each of its provisions as meaningful and "'adopt[ing] the interpretation that is most harmonious with the statutory scheme and legislative purpose.'" *Sw. Gas Corp. v. Indus. Comm'n*, 200 Ariz. 292, ¶ 16, 25 P.3d 1164, 1169 (App. 2001), *quoting State v. Pinto*, 179 Ariz. 593, 596, 880 P.2d 1139, 1142 (App. 1994). Other portions of § 12-302 clearly place the burden of proving indigency on the applicant. Section 12-302(C), for example, requires the applicant for a fee deferral to provide "supporting documentation," and § 12-302(D) requires "proof that [an] applicant is . . . unable to pay fees or costs." Nothing in the statute suggests the burden of proof shifts when a plaintiff's affidavit is challenged. Moreover, as the defendants point out, fee deferrals and other accommodations given to indigent parties are deviations from the norm. The terms of the statute do not support the notion that submitting an application for the deferral of fees exhausts an indigent party's obligation to support his or her claims of indigency. *See* § 12-302(C). Tripati has cited no authority to that effect, and we are aware of none.

¶7 Tripati additionally contends § 12-302(G) does not allow the trial court to consider either the incomes of his relatives and supporters or his status as a vexatious litigant in revoking his fee deferral. Notably, the statute places no limitation on what kind of evidence may be submitted concerning a claim of indigence, *see* § 12-302(C)(3) (providing

5

nonexclusive list of factors court may consider), and we therefore assume the court can consider evidence of the defendant's ability to pay, even if such information is not expressly requested on the form of fee deferral affidavit. *Cf. Morger*, 130 Ariz. at 509, 637 P.2d at 311 (existence of "any . . . valuable resources" could be considered in determining indigency to establish entitlement to court-appointed counsel); *Taylor v. State*, 799 S.W.2d 445, 446-47 (Tex. App. 1990) (court considered existence of personal assets not acknowledged on affidavit in denying indigency claim).

¶8        As noted earlier, section 12-302(C) provides that the court "shall grant an application for deferral of court fees and costs if the applicant establishes by affidavit [his or her indigence]." Tripati filed an affidavit asserting that his income was "barely sufficient to meet the daily essentials of life, and includes no allotment that could be budgeted for the fees and/or costs that are required to gain access to the court." The affidavit form included a warning that the court would "review [his] income" and that "[g]ross monthly income include[s his] share of community property income." Nevertheless, Tripati failed to disclose any assets or sources of funds other than those received from ADOC and, as the affidavit form apprised him, his claims of indigence were reviewed.

¶9        Tripati relies on *State v. Vallejos*, 87 Ariz. 119, 348 P.2d 554 (1960), to argue the court erred in considering his friends' and supporters' financial contributions. *Vallejos*, however, is inapposite because it was a criminal case, and there is no fundamental right to pursue a civil action. *See Tahtinen v. Superior Court*, 130 Ariz. 513, 515, 637 P.2d 723, 725 (1981). Rather, *Vallejos* stands for the propositions that an indigent criminal defendant is

6

constitutionally guaranteed the right to appeal a conviction and that a court may not consider the resources of the defendant's supporters in determining the defendant's entitlement to transcripts necessary for his or her appeal. 87 Ariz. at 122-23, 348 P.2d at 556-57. The required payment of filing fees in a civil case does not implicate these constitutional concerns. *See Tahtinen*, 130 Ariz. at 515-16, 637 P.2d at 725-26 (refusal to waive filing fees in purely civil action does not violate state or federal constitution). Accordingly, we reject Tripati's argument that the trial court could not properly consider relevant evidence that could be probative of his financial means and allegedly indigent status.

¶10 Moreover, contrary to Tripati's claims, the trial court did not conclude he was not entitled to a fee deferral solely because he has friends and supporters and is a vexatious litigant. Rather, the court acknowledged that many "privately paid" activities have been commenced on Tripati's behalf, including the publication of books, maintenance of websites, posting of a $50,000 cash bond, and placement of a full-page advertisement in a Phoenix newspaper. The court found Tripati had not adequately shown that he was not responsible for those expenditures. It also reviewed his extensive litigation history and noted that he both understands civil procedure and has been required to pay filing fees in the past. The court concluded Tripati's activities were evidence of his financial means because "[t]hese are not the actions of an individual who is destitute, but rather one who either has funds or can direct funds."

¶11 Because Tripati bore the burden of establishing his indigency, § 12-302(C), we likewise reject his arguments that there was no proof he is not indigent and that the

7

defendants provided no evidence of his apparent financial resources. Even were it the defendants' burden to affirmatively disprove Tripati's claim of indigency, his arguments would still fail. As the trial court noted, Tripati did not disclose in his application for a fee deferral that he is married, that his wife and family finance his several websites, and that his wife has the resources both to provide for herself and to travel from Los Angeles to Arizona on a bi-monthly basis. Tripati also admitted that, when he needs something, he contacts friends and family who collectively contribute funds to provide it. The defendants presented evidence of Tripati's marriage as well as other evidence relevant to his apparent financial capacity, including his publishing, advertising, and litigation activities in other cases. Based on this evidence that Tripati either has or can command significant resources, we cannot say the trial court abused its discretion in finding he is not indigent and ordering him to pay the required filing fees.

**Disposition**

¶12        For the foregoing reasons, the trial court's ruling is affirmed.


_____
PHILIP G. ESPINOSA, Presiding Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Chief Judge


_____
JOHN PELANDER, Judge

8